# Trammel v. The State.

*Indictment for Aiding Prisoner to Escape from Jail.*

1. *Aiding prisoner to escape; sufficiency of indictment.*—An indictment which charges a defendant with having conveyed into a county jail a tool or instrument, or other thing useful to aid a prisoner to escape therefrom, with the intent to facilitate the escape of any prisoner lawfully confined therein, must aver whether the person confined in the jail and aided, or attempted to be aided, to escape, was confined on a charge of felony or misdemeanor, as the case may be; the character of the offense charged and its punishment being dependent, according to the statute (Crim. Code, §§ 4002, 4003), upon whether the prisoner was confined on a charge of felony or misdemeanor.

2. *Same; statute does not apply to United States prisoners.*—The statute (Crim. Code, §§ 4002, 4003), making it a penal offense to convey into a county jail any tool or instrument with the intent to facilitate the escape of a prisoner lawfully confined therein under a charge or conviction of a felony or misdemeanor, refers only to prisoners confined for crimes under the laws of this State; and the aiding to escape of a prisoner confined in a jail in the State for safe keeping by Federal process, for the violation of a penal statute of the United States, no

[Trammel v. The State.]

matter what may be the nature of the charge on which he is confined, does not come within the provisions of this statute.

APPEAL from the City Court of Anniston.

Tried before the Hon. JAMES W. LAPSLEY.

The appellant was tried and convicted under the following indictment: "The grand jury of said county charge that before the finding of this indictment that John Trammell conveyed into the county jail of said county, at Anniston, a tool or tools, or instrument or instruments, towit, a saw or knife, useful to aid a prisoner to escape therefrom, with the intent to facilitate the escape of A. J. Jackson alias Jordan Jackson, whose christian name is to the grand jury unknown, otherwise than as stated, a prisoner therein lawfully confined, under a charge of fraudulent use of the mails, an offense against the laws of the United States, under section 5480 of the Revised Statutes of the United States, 2d Edition, 1878,. said Jackson having been committed to said jail by George B. Randolph, a commissioner of the United States Circuit Court, against the peace and dignity of the State of Alabama." To this indictment the defendant demurred upon the following, among other, grounds : (2.) "Said indictment fails to aver whether said Jackson was confined under a felony or under a misdemeanor." (6.) "Said indictment shows upon its face that said Jackson was not confined under a charge of either a felony or misdemeanor, under the laws of the State of Alabama." The demurrer to the indictment was overruled, and the defendant duly excepted ; and upon being convicted upon the trial, prosecutes the present appeal.

T. C. SENSABAUGH, for appellant, cited, Code, § 4368 ; *Wilson v. State*, 61 Ala. 154.

WILLIAM C. FITTS, Attorney-General, for the State. The indictment was sufficient.—*Hurst v. State*, 79 Ala. 55 ; *Walker v. State*, 91 Ala. 32. The counsel for the prisoner asked the court for charges which proceed upon the evident idea in his mind that the prisoner in jail who was receiving the aid was an accomplice to this crime. Such is not the case as has been distinctly decided by this court.—*Ash v. State*, 81 Ala. 76.

[Trammel v. The State.]

HARALSON, J.—Section 4002 of the Code makes it a felony for one to convey into the county jail any tool or instrument or other thing useful to aid any prisoner to escape therefrom, with the intent to facilitate the escape of any prisoner lawfully confined therein under a charge or conviction of felony, &c. And by section 4003, it is made a misdemeanor thus to aid any other prisoner confined on a charge of a misdemeanor. It is necessary for an indictment under either section, to aver that the party confined and aided or attempted to be aided in the manner stated in the statute, is confined on a charge of felony or misdemeanor, as the case may be.—*Wilson v. The State*, 61 Ala. 151.

The felony or misdemeanor with which the party confined is charged, as referred to in these statutes, is a felony or misdemeanor under the laws of this State, and has no reference to crimes committed in violation of the laws of the United States. A prisoner confined for safe keeping by Federal process, as in the case before us, for a violation of a penal statute of the United States, no matter what the nature of the charge on which confined, does not come within the provisions of said two sections of the Code, making it a crime to aid him to escape by any of the means referred to in those sections ; and a party so aiding such a prisoner may not be indicted for the violation of said statutes, which have reference, as we have stated, to prisoners, confined under State and not Federal authority. If a person so aiding a Federal prisoner to escape, violates any, it is a Federal law, for which, if he may be punished at all, it must be under Federal statute and in a Federal court. It follows that the demurrer to the indictment should have been sustained, and the indictment quashed. An order will be here entered, reversing the judgment and sentence of the court below, quashing the indictment and discharging the defendant.

Reversed, indictment quashed and prisoner discharged.