**CANTRELL v. STATE.   (8 Div. 490.)**

(Court of Appeals of Alabama.   Oct. 26, 1926.)

**1. Escape ⊚⇒5—Prohibition against aiding of prisoner to escape does not apply where accused was carried to a drug store from town "calaboose," pleaded guilty to being drunk, and paid fine (Code 1923, § 4017).**

Code 1923, § 4017, prohibiting aiding of prisoner to escape, does not apply where prisoner confined to town "calaboose" in no way complying with requirements for a prison, was carried to a drug store on his release to warm up, pleaded guilty, and paid fine for being drunk.

**2. Escape ⊚⇒5.**

Under Code 1923, § 4017, prohibiting aiding of a prisoner to escape, the prison must be authorized by state law and offense must be against statutes of state.

Appeal from Law and Equity Court, Franklin County; B. H. Sargent, Judge.

John Cantrell was convicted of aiding a prisoner to escape, and he appeals. Reversed and rendered.

Stell & Quillin, of Russellville, for appellant.

The calaboose at Hodges was not a lawful prison. Code 1923, § 4877. The prisoner who escapes must be confined on a charge under state law. The prisoner in this case was confined under city ordinance, which is not a felony or misdemeanor. Trammel v. State, 111 Ala. 77, 20 So. 631; Washington v. City of Tuscaloosa, 19 Ala. App. 228, 96 So. 464. There is no evidence to connect defendant with the offense charged, and the affirmative charge should have been given for him. Tool v. State, ante, p. 233, 107 So. 36.

Harwell G. Davis, Atty. Gen., and Chas. H. Brown, Asst. Atty. Gen., for the State.

---

Failure of a jail to meet the requirements of the prison inspector does not authorize the liberation by friends of prisoners confined therein. The city jail or calaboose comes within the purview of the statute. Code 1923, § 4017; 33 C. J. 832; Starks v. State, 38 Tex. Cr. R. 233, 42 S. W. 379.

SAMFORD, J. One McCleskey was arrested and confined in a one-room shack, used by the town of Hodges as a "calaboose," on a charge of violating a town ordinance in that he was drunk. The "calaboose" was a very crude affair, one room, dirty and cold, with no provision for heat or comfort of prisoners, and there was no pretense that the "prison," if such it was, in any way complied with the state's requirements for the building of prisons. The arrest was made on a cold day in November, and, after the release, there is no claim that McCleskey escaped, but he was carried to a drug store, put under some quilts to warm, and, when he sobered up, appeared before the mayor, pleaded guilty to being drunk, and paid the fine assessed.

[1] This prosecution is brought under section 4017 of the Code of 1923, and on the trial many exceptions were reserved. Pretermitting a discussion of all other questions, we hold that section 4017 of the Code of 1923 has no application to a case of this nature.

[2] The prison must be a lawful prison, as defined and authorized by state law, and the offense must be against the statutes of the state, Trammel v. State, 111 Ala. 77, 20 So. 631.

There are other errors in this record not necessary to discuss, as the foregoing finally disposes of the prosecution.

The judgment is reversed and a judgment will be here rendered discharging the defendant.

Reversed and rendered.