# Wilson *v.* The State.

*Indictment for Conveying Instrument in Jail Useful to aid Escape of Prisoner, &c.*

61   151
99   145
―――――
61   151
111    79
61   151
120   391

1. *Code, § 4130 of, construed.*—Section 4130 of the Code, is not merely declaratory of the common law as to aiding the escape of a prisoner charged with felony, but creates a new offense, substantive and not accessorial in its character.

*Same; indictment under, when sufficient.*—The offense thus defined, has three main ingredients; first, a prisoner confined under a lawful charge or conviction of felony; second, the conveying into the jail, &c., of some disguise or instrument useful to aid the escape; and third, the intent thereby to facilitate the escape of such prisoner; and an indictment charging the offense substantially in the language of the statute is sufficient, though it does not aver that the defendant knew the prisoner was confined on a charge of felony.

APPEAL from Dallas Circuit Court.

Tried before Hon. GEO. H. CRAIG.

The appellant, Henry Wilson, was convicted and sentenced to two years' hard labor for the county, under an indictment which charged that before the finding thereof, he " did convey into the county jail of Dallas county, Alabama, an auger, an instrument useful for the purpose, to aid Wiley Jones and Henry Johnson, *alias* John Cunningham, at the time being prisoners confined in said jail, under the charge or charges for the criminal offense of burglary, with the intent to aid and facilitate the escape of said Wiley Jones and Henry Johnson, *alias* John Cunningham, from said confinement in said jail, against the peace," &c.

The defendant demurred, on the ground that the indictment did not aver that the defendant had knowledge, that said Jones and Johnson, were confined under any charge of felony. This demurrer was overruled, and afterwards the defendant moved in arrest of judgment on the same grounds as those upon which his demurrer was based; but this motion was also overruled.

[Wilson v. The State.]

B. F. SAFFOLD, for appellant.—1. The common law requires that acts which are felonies must be alleged to have been *feloniously* committed.—*Butler v. State*, 22 Ala. 43; *Beasley v. State*, 18 Ala. 535. It is only where the statute creates a new offense, unknown to the common law, and describes its constituents that it is sufficient to charge the offense in the language of the statute.—1 Brick. Dig. p. 499, §§ 734, 738.

It is no offense to aid to escape one who is unlawfully imprisoned in jail, without charge or indictment. It is only misdemeanor to so aid one charged with, or indicted for, misdemeanor. But, it is felony to so aid one charged with felony. Therefore knowledge of the facts on the part of the accused which so grade his act, must be an indictable ingredient. Felonious intent is essential to the commission of felony, and inseparable from the knowledge of the *facts* which constitute it.

2. In *Rex v. Burridye*, 3 P. Wms. 439, the indictment was held defective in not charging that defendant knew the principal was guilty or convicted of felony.—1 Russ. on Crimes, p. 556–7 (1st Amer. ed.) In Beastead's case, Cro. Car. 583, where averment of knowledge was held not necessary, Hawkins (P. C. C. 21, § 7) says that this opinion is not proved by the authority of the case.

Bishop says any assistance given to one *known* to be a felon to escape, or hinder his being apprehended or tried, makes him accessory after the fact.—2 Bish. Crim. Law, § 927. Sections 4125–6–7–30–31–32–33 of the Code, are all which relate to escapes, and all grade the punishment according to the *animus* of the offender. *Voluntary* escape by officer is felony, and *negligent* escape by officer a misdemeanor, without regard to the grade of crime of the prisoner escaping. A convict, who *knows of what he is convicted*, has his punishment doubled. So must it be with one who aids a prisoner to escape—otherwise one who gave aid to another committed for felony, but indicted for misdemeanor, according as the aid was given before or after indictment, of which he knew nothing, would have his guilt depend on these circumstances, without regard to his *animus*.—*Rex v. Young*, 1 Russell, 391; *United States v. Keene*, 5 Mason R. 453; Chit. Crim. Law, vol. 2, p. 165.

H. C. TOMPKINS, Attorney-General, *contra*.—The ingredients of the offense for which defendant is indicted, as it is defined by the statute, are, 1st, conveying into the county

jail some disguise, instrument or arms, useful to aid any prisoner to escape; 2d, the intent to facilitate the escape of some prisoner therein confined ; and, 3d, such prisoner must be one confined under a charge or conviction of felony.   The indictment charges each of these substantive facts.   But it is insisted that it is defective, because it is not averred that defendant knew that the parties so confined were held upon a charge of felony.   Mr. Wharton states the rule upon this point to be that under statutes where the guilty knowledge is a part of the definition, it must be averred, but not other-wise.—1 Crim. Law, § 297.   The offense is not a common law offense.   The common law made one who aided a pris-oner to escape, an accessory after the fact; there something more than a mere attempt was necessary.   The statute makes the act of conveying the instrument into the jail, with the intent to facilitate the escape of the person charged with a felony, the offense.   The common law offense is assistance to one breaking prison to aid him in his undertaking.—2 Wharton's Crim. Law, § 2615.   It has been held in this State that the offense of burglary as defined by our statute, is of statutory creation, and that an indictment charging the offense in the words of the statute, was sufficient.—Mason & Franklin's case, 42 Ala. 545.   There is certainly much more similarity between the common law and statutory burglary, than there is between the offense charged here and any known to the common law.

STONE, J.—Indictments, under our statute, Code of 1876, section 4785, " must state the facts constituting the offense in ordinary and concise language, without prolixity or repeti-tion, in such a manner as to enable a person of common un-derstanding to know what is intended, and with that degree of certainty which will enable the court, on conviction, to prcnounce the proper judgment."   The Code contains many forms of indictment, which were intended to supplant the verbose forms used at common law ; and the statute, Code of 1876, § 4824, declares that these "forms of indictments, in all cases in which they are applicable, are sufficient; and analogous forms may be used in other cases."   Many of these forms, tested by common law principles, are wanting in many material averments, yet, we have uniformly held they are sufficient.   " Where a statute creates a new offense, unknown to the common law, and describes its constituents, it is suffi-cient to charge the offense in the language of the statute. 1 Brick. Dig. 499, § 734.

The defendant was indicted under section 4130 of the Code of 1876. Aiding a prisoner to escape, who was charged with a felony, was itself a felony at common law, because the person aiding thereby made himself an accessory after the fact. 2 Bish. Cr. Law, § 1402. To constitute this offense, the person rendering the assistance must have known the crime, the escape from the punishment of which he aided, had been committed. This knowledge on his part was an indispensable ingredient, without which he could not be a criminal accessory after the fact. The statute under which this defendant was indicted is not merely declarative of the common law. It creates a new offense, substantive and not accessorial in its character, and makes it a felony. It punishes not only him who aids in an escape from confinement under a charge of felony, but every person who attempts to render such assistance, by conveying "into the county jail, or into any other lawful place of confinement, any disguise, instrument, arms, or other thing useful to aid any prisoner to escape, with the intent to facilitate the escape of any prisoner therein lawfully confined under a charge or conviction of felony; or who, by any other act, or in any other way, assists such prisoner to escape, whether such escape be attempted, or effected, or not." The offense has three main ingredients; a prisoner confined under a lawful charge or conviction of felony, the conveying into the jail, &c., of some disguise, instrument, &c., useful to aid the escape, and the intent to facilitate the escape of such prisoner. These, the statute declares, constitute the offense, and it is not for us to add to them. The prisoner thus confined may make no attempt to escape—may not even know the disguise or instrument has been conveyed into his prison. His participation or knowledge can neither add to nor diminish the criminality of the act of conveying the alleged disguise or instrument into the prison. The statute defines the offense fully, and does not affirmatively require knowledge of the offense or grade of offense with which the prisoner is charged. The fact that the prisoner is in jail, or in other place of confinement, and needs, or is supposed to need some instrument or disguise to facilitate his escape, doubtless satisfied the legislature that any one conveying such instrument or disguise into the prison with intent to facilitate such prisoner's escape, must have known the confinement was involuntary, and on a charge of grave import. Such aid is unlike that furnished to an offender at large, fleeing from arrest. Assistance rendered in the latter case is innocent charity, if rendered in ignorance that the

[Underwood v. Lovelace.]

person assisted had committed a crime, and was trying to avoid arrest.

The indictment in this case conforms to the statute. It avers that Jones and Johnson, alias Cunningham, were, at the time, confined in the jail of Dallas county under a charge of the criminal offense of burglary, and that defendant did convey into the county jail of Dallas county an auger, an instrument useful for the purpose, with the intent to aid and facilitate their escape from said confinement in said jail. Every species of burglary under our statutes is a felony.— Code of 1876, §§ 4343, 4344. The indictment avers that the prisoners were confined on a charge of burglary. This is an averment that their imprisonment was under a charge of felony. The indictment is sufficient, and the judgment of the Circuit Court is affirmed.