# Hurst & Hill *v*. The State.

79   55
120  391

*Indictment for Assisting Prisoner to escape from Jail.*

1. *Assisting prisoner to escape from jail; constituents of offense.*—To authorize a conviction for aiding a prisoner to escape from jail (Code, § 4130), it is not necessary that the escape be effected or attempted by the prisoner; nor is it necessary that there shall be the specific intent to liberate any particular prisoner, though a general intent to liberate must exist, and must be found by the jury; nor can the offense be consummated against the known consent of the prisoner.

2. *Same; sufficiency of indictment.*—In an indictment under this statute (Code, § 4130), a count which avers that the defendants "did assist one G., who was lawfully confined in the county jail of said county, under a charge of murder, to escape from said jail," or, "did, with the intent to facilitate the escape of said G. from said jail, break or blow a hole in the wall of said jail, by placing dynamite in said wall, and by igniting said dynamite;" or, "did break the wall of said county jail, to

assist said G. to escape from said jail;" or, "did, with and by the use of dynamite, break a rock which composed a part of the wall of said county jail, to assist said G. to escape from said jail,"—is each fatally defective in describing the offense.

FROM the Circuit Court of Calhoun.

Tried before the Hon. JAMES AIKEN.

The indictment in this case contained six counts. The first count charged, that the defendants, John Hurst and Thomas A. Hill, "did assist one Gid J. Entriker, who was lawfully confined in the county jail of Calhoun county, under a charge of murder, to escape from said jail." The fourth count charged, that said defendants, " with intent to facilitate the escape, from the jail of Calhoun county, of one Gid J. Entriker, who was lawfully confined," &c., "did break or blow a hole in the wall of said jail, by placing dynamite in said wall, and by igniting said dynamite." The fifth count charged, that said defendants "did break the wall of the county jail of said county, to assist one Gid J. Entriker, who was lawfully confined," &c., " to escape from said jail;" and the sixth count, that said defendants, " with and by the use of dynamite, did break a rock, which composed a part of the wall of the county jail of Calhoun county, to assist one Gid J. Entriker, who was lawfully confined," &c., " to escape from said jail." Being tried on issue joined on the plea of not guilty, the jury found the defendants guilty as charged in the first, fourth, fifth and sixth counts; and they afterwards moved in arrest of judgment, on account of alleged defects in each of those counts ; but the motion was overruled.

On the trial, as appears from the bill of exceptions, it was shown that, on or about October 20th, 1885, said Entriker being then confined in the county jail under a charge of murder, and the defendants being confined in the same room with him, they obtained a quantity of dynamite, or other explosive substance, which they placed in a hole or crevice of the rock wall, and blew out an opening, through which they went from one room into another ; that said Entriker did not escape, nor attempt to escape, but, as the evidence for the defendants tended to show, declared to them his intention to remain and stand his trial. The defendants requested the following charge, with others : " 10. If the jury believe, from the evidence, that Entriker was unwilling to avail himself of the means of escape which the blowing up of the jail by the defendants might open up to him, and so told the defendants, or told them this in substance, then they must find the defendants not guilty as to all the counts in the indictment." The court refused this charge, and the defendants excepted.

BROTHERS & WILLETT, for the appellants, cited *Ramsey v. The State*, 43 Ala. 404 ; *Kyle v. The State*, 10 Ala. 236 ; *Wilson v. The State*, 61 Ala. 151 ; *Grattan v. State*, 71 Ala. 344 ; 1 Brick. Dig. 469, §§ 287–8.

THOS. N. McCLELLAN, Attorney-General, for the State.

STONE, C. J.—The indictment in this case was framed under section 4130 of the Code of 1876, which reads as follows : " Any person who conveys into the county jail, or into any other lawful place of confinement, any disguise, instrument, arms, or other thing useful to aid any prisoner to escape, with the intent to facilitate the escape of any prisoner therein lawfully confined under a charge or conviction of felony, or who, by any other act, or in any other way, assists such prisoner to escape, whether such escape be attempted or effected or not, must, on conviction, be imprisoned in the penitentiary, or sentenced to hard labor for the county, for not less than two, nor more than ten years."

There is either a misplacing of the qualifying clauses of this statute, or such confusion in its expression, as that we find difficulty in its interpretation. We can readily understand how the conveying into a prison of a " disguise, instrument, arms, or other thing useful to aid a prisoner to escape," when done " with the intent to facilitate the escape," may constitute a crime, " whether such escape be attempted or effected or not." There is the evil intent to commit the crime, coupled with the evil act done, which is well adapted to facilitate the escape. The second clause, however, is somewhat confusing. Its language is, " or who, by any other act, or in any other way, assists such prisoner to escape, whether such escape be attempted or effected or not." The clause, " assists such prisoner to escape," in its ordinary import, means that the prisoner does effect his escape, and that he has assistance in accomplishing it. That the prisoner neither effects nor attempts escape, may well harmonize and consist with any or all of the forbidden acts named in the first clause—" disguise, instrument," &c., conveyed into the prison. It may be incongruous with the latter clause—" assists such prisoner to escape." Possibly, the language, " any other act, or any other way," may be broad enough and flexible enough to include offered assistance to escape, even when done by some other act, or in some other way, than those specially named. If so, the added clause, " whether such escape be attempted or effected or not," would not be incongruous. The present cause does not require us to determine this last question. We do not hesitate to declare, however, that the clause which makes the offense complete,

whether escape be attempted or effected, has unmistakable reference to the acts enumerated and forbidden in the first clause.

Is it necessary to a conviction that there shall be independent proof that the accused had the specific intent to aid the particular prisoner, or any particular prisoner to escape? Can the offense be committed without the consent of the prisoner?

The first of these questions we answer in the negative. All men are presumed to intend the natural consequences of their acts. All men are presumed to be averse to involuntary confinement, and to desire liberty. So, if a prison be opened, or so broken as to allow the inmates to escape, this would be proof of a general intent, and would authorize the jury to find a specific intent to liberate each and every prisoner confined therein. And on the same principle, we answer the second of the above questions in the negative.

The intent to liberate, however, must exist, and must be found by the jury. We have shown above that a general intent is enough, and have also stated that the jury may infer such intent from any intentional breaking, or assistance in an attempt to so break the prison, as that the prisoners confined therein can escape. Suppose there are prisoners, one or more, confined in the prison, who will not escape, even if the opportunity is offered, who have no intention to escape, and the alleged jail-breakers have knowledge that such prisoners do not intend to escape. This, if satisfactorily proven and found by the jury, disproves both special and general intent to aid or facilitate the escape of such prisoner or prisoners.

In framing an indictment under this statute, is it sufficient, in any case, to simply pursue the language of the statute? Several of the alternate words or phrases, standing alone, would be manifestly insufficient. The words "disguise," and "instrument," are of this class. If either be employed, it would be necessary to add the averment, that the disguise or instrument was "useful" to aid the escape. And the word "instrument" is comprehensively generic. A tool used for any work or purpose, is its meaning in this statute.—Worcester's Dictionary. The name, or other description of the instrument, should also be set forth, to make the indictment sufficient, if that was the means of alleged "aid" relied on. So, of the generic terms or phrases, "other things," or "any other act," or "any other way." It would be necessary to aver what that other thing, act, or way was, and that it was useful to aid the prisoner's escape, unless by its very nature it appeared to be so. Even the word "arms" is indefinite. It would be safest, in all cases, to add the qualifying words, "useful" to aid the pris-

oner in making his escape. And especially in all indictments framed under the first clause. The averment that it was done " with intent to facilitate the escape," is indispensable. Without such intent, the crime is not committed.—Clark's Cr. Dig. § 86; *Norris v. The State*, 50 Ala. 126; *Henderson v. The State*, 70 Ala. 23; *Kelly v. The State*, 72 Ala. 244; *Rowland v. The State*, 55 Ala. 210; *Stone v. The State*, 63 Ala. 115.

The defendants were found guilty under the first, fourth, fifth, and sixth counts in the indictment. Under the rules declared above, each of those counts is insufficient. The first omits all mention of means, or instrumentalities, by which assistance was given or attempted. The fourth, fifth, and sixth counts, each, fails to aver that the act charged was useful to aid the prisoner to escape, and there is nothing in the nature of either of the alleged acts, stated as they are, which can supply that omission. The indictment is insufficient, and the judgment should have been arrested. The tenth charge asked should have been given.

Reversed and remanded.