# Walker *v.* The State.

### *Indictment for Aiding Prisoner to Escape from Jail.*

1. *Sufficiency of indictment.*—An indictment which charges that the defendant "did aid or assist" two named prisoners to escape from the jail in which they were confined on a charge of felony, by unlocking or opening a door, or breaking or opening a window, in one of the rooms (Code, § 4002), must aver that the act was done with the intent to facilitate the escape of said prisoners, and must aver or show that it was useful for that purpose, as by an averment that it was a door or window of the room in which they were confined.

FROM the Circuit Court of Macon.

Tried before the Hon. JAMES R. DOWDELL.

PEYTON THOMPSON, for appellant.

WM. L. MARTIN, Attorney-General, for the State.

CLOPTON, J.—Appellant was indicted and convicted under section 4002 of the Code, which declares that any person, who conveys into the county jail "any disguise, weapon, tool, instrument or other thing useful to aid any prisoner to escape therefrom, with the intent to facilitate the escape of any prisoner lawfully confined therein under a charge or conviction of felony, or who, by any other act, or in any other way, aids or assists such prisoner to escape, whether such escape be attempted or effected or not, . . . must, on conviction, be imprisoned in the penitentiary, for not less than two, nor more than ten years." The indictment originally contained three counts. A demurrer having been sustained to the second count, and overruled as to the others, defendant was put to trial on the first and third counts, which are respectively framed under the first and second clauses of the statute.

The jury having found the defendant guilty as charged in the third count, which, under our rulings, is an acquittal of the offense charged in the first count, it is unnecessary to consider the sufficiency of the latter count.

The third court charges, that defendant "did aid or assist Louis Key and Sing Bowen, who were then and there confined in the county jail of Macon county, Alabama, under the charge or charges of assault with intent to murder, to escape

[Walker v. The State.]

from such jail, in this, to-wit: by unlocking or opening the door or doors of the room or rooms in said jail, and by breaking or opening the window in one of the rooms of said jail."

The statute, as has been said, is not merely an affirmation of the common law, but creates a new substantive offense, having three main ingredients: 1st, a prisoner lawfully confined under a charge or conviction of felony; 2d, conveying into the county jail, or other place of confinement, something useful to aid such prisoner to escape, or aiding or assisting his escape by any other act, or in any other way, whether such escape be attempted or effected or not; 3d, the intent to facilitate the escape of such prisoner.— *Wilson v. State,* 61 Ala. 151.  When the indictment charges that the offered assistance was by some óther act or way than those specially named in the first clause of the statute, it is essential, in order to charge the complete statutory offense, that the indictment should aver the intent to facilitate the escape of the prisoner, and that such act or way was useful to aid him in escaping, unless it naturally so appears; these being necessary constituents of the criminal act, though mentioned only in the first clause in juxtaposition to the modes of assistance therein specially named.  In *Hurst v. State,* 79 Ala. 55, it is said: "It would be necessary to aver what that other thing, act, or way was, and that it was useful to aid the prisoner's escape, unless by its very nature it appeared to be so. . . . The averment that it was done 'with intent to facilitate the escape,' is indispensable.  Without such intent the crime is not committed."  Had the indictment averred the unlocking, or breaking, or opening a door or window of the room in which the prisoners were confined, this would naturally import usefulness in aiding them to escape; but, whether unlocking, or breaking, or opening an outside door or window of the jail, or of any room other than that in which the prisoners were confined, would be useful to aid their escape, depends on the circumstances; and the indictment should have averred that it was useful.  For the omission of both the averments mentioned, the third count is defective.

Reversed and remanded.