# Marshall *v.* The State.

## Indictment for Aiding Prisoner to Escape.

1. *Aiding escape; sufficiency of indictment.*—An indictment which charges that the defendant intentionally assisted a prisoner, lawfully confined in the county jail "on a charge of misdemeanor, to escape therefrom by drilling or prizing out a hole through the walls of said jail," is sufficient as describing an offense under the statute, (Cr. Code of 1896, § 4712), without further averring that the act of drilling or prizing out the hole was done with the intention to facilitate the escape.

APPEAL from the Criminal Court of Pike.

Tried before the Hon. E. B. WILKERSON.

The appellant was tried and convicted under the following indictment: "The grand jury of said county

[Marshall v. The State.]

charge that before the finding of this indictment Sam Marshal did intentionally assist Gus Raimer, a prisoner lawfully confined in the county jail of Pike county, on a charge of a misdemeanor, to escape therefrom by drilling or prizing out a hole through the walls of said jail, against the peace and dignity of the State of Alabama." To this indictment the defendant demurred upon the following grounds : "1st. Said indictment fails to aver that the act of drilling or prizing out a hole through the walls of the jail was done with the intent to facilitate the escape of Gus Raimer from said jail.　2. Said indictment fails to aver that the act of drilling or prizing out a hole through the walls of said jail was useful to aid or assist said Gus Raimer in escaping from said jail." The demurrer to the indictment was overruled, and the defendant duly excepted.　This ruling of the trial court is the only ruling presented for review on the present appeal.

No counsel marked as appearing for appellant.

CHAS. G. BROWN, Attorney-General, for the State. The indictment was not subject to the demurrer interposed.—Cr. Code of 1896, § § 4894, 4895, 4896, 4898 ; *Drake v. State*, 60 Ala. 62 ; *Jackson v. State*, 91 Ala. 55 ; *Shaine v. State*, 21 Ala. 218.

HARALSON, J.—The statutory offenses created by sections 4711 and 4712 of the Code, are different,—the one a felony and the other a misdemeanor ; and from the terms of the two sections it is obvious, that an indictment under the first would necessarily contain averments not required in the latter.　What averments are necessary in an indictment under 4711, was very fully considered in *Hurst v. The State*, 79 Ala. 55.

The indictment in this case was found under said section 4712, describing the offense created thereunder, in the language of the statute, or words conveying the same meaning, and alleges the fact in the doing of which the offense consists.—Code, § § 4896, 4898 ; *Grattan v. The State*, 71 Ala. 344 ; *Wilson v. The State,* 61 Ala. 151.

The ground of demurrer taken to the indictment,—that it "fails to aver that the act of drilling or prizing out a

hole through the walls of the jail was done with the in·
tent to facilitate the escape of Gus Raimer from said
jail,''—is not well taken, but if applicable in any case, it
would be to an indictment under section 4711. The de-
murrer was properly overruled.
Affirmed.