# Shelton *v.* The State.

*Indictment for Forgery.*

1. *Forgery; indictment.*—A promissory note is the subject of forgery, and, where the indictment charges the forgery or uttering such note, which is complete on its face and purports to impose a liability, it is not necessary to aver extrinsic facts to show its validity, or that another might be injured by it.

2. *Same.*—It is of no consequence whether the defendant's signature on a note, charged to have been forged, was intended as a co-maker or as a witness, if, with the intent to injure or defraud, he participated in forging the name of the other, or participated in uttering the paper, knowing it to be a forgery.

3. *Same; indictment.*—An indictment, for uttering or publishing as true, a forged promissory note, charges no offense, unless it avers that this was done with knowledge of the forgery.

4. *Indictment; verdict.*—Where an indictment contains two counts, one of which is good and the other bad, in that it did not charge an offense against the criminal laws, a verdict of guilty will be referred to the good count.

5. *Same; charge of Court.*—Where an indictment contains two counts, one of which is good and the other insufficient, the defendant has a right to ignore the bad count in asking charges from the Court, and it is error to refuse a charge that the defendant could not be convicted under the bad count.

APPEAL from Dallas Circuit Court.

Tried before Hon. DANIEL PARTRIDGE, JR.

The appellant, Spencer Shelton, was tried and convicted of forgery of a promissory note. The indictment contained two counts; the first charging the forgery of the name of one Thad Chestnut to the note, which was set out verbatim in the indictment and showed the name of Chestnut signed at the lower right hand of the paper, and the name of the defendant signed at the lower left hand thereof. The second count also set out the note, and charged that the defendant "Did, with intent to injure or defraud, utter and publish as true a falsely made or forged instrument in writing, in words and figures - follows," &c. There were demurrers to the indictment at it is not necessary to set out the grounds thereof.

On the trial, Thad Chestnut, whose name was alleged to have been forged to the note, testified for the State that he did not sign the note, and did not authorize any one to sign it for him; that he could not write his name. His testimony was corroborated by another witness. Clem White, the payee in the paper, testified that Chestnut owed him the amount of the note, and that he and the defendant saw him about it, and he agreed to give the note. That he had another party to fill it out, and he, witness, signed Chestnut's name thereto, as Chestnut could not write, and Chestnut had his hand on the pencil as witness wrote the name. That the defendant wrote his name as a witness to the signature, and had no interest in the debt or the paper. He was corroborated by the defendant, as a witness in his own behalf.

The court refused to give the following charges, requested in writing by the defendant: "2. The Court

charges the jury that, if they believe the evidence that this defendant simply signed the paper as a witness, they must acquit him. 3. The Court charges the jury that, if they believe the evidence in this case, they cannot convict the defendant under the second count in the indictment. 4. Before you can convict the defendant of forgery, you must believe beyond a reasonable doubt that said note was forged, and at the time of said forgery, this defendant signed his name to said note with the intent to injure or defraud Thad Chestnut."

MASSEY WILSON, Attorney-General, for the State.

No attorneys *contra* shown by the record.

TYSON, J.—The instrument set out in bc ʰ counts of the indictment is a promissory note purpor. ʳ ᵗᵒ impose a liability upon Chestnut as a maker. 1  he express language of the statute a promissory not s made the subject of forgery.—§ 4719 of the Code.

Where the writing, alleged to have been forged or uttered after being forged, is complete on its face and purports to impose a liability, it is not necessary to aver extrinsic facts in the indictment to show its validity or that another might be injured by it. Nor is it of consequence whether the defendant's signature on the note was intended as a maker or as a witness, if, with the intent to injure or defraud, he participated in forging Chestnut's name to it as maker or participated in its being uttered, knowing his name to have been forged to it. In other words, if he attested the note as a witness, knowing that Chestnut's name had been forged to it for the purpose of giving validity to the note as a binding obligation, or with the intent to injure or defraud Chestnut, he would be guilty of forgery.

Neither of the counts were subject to the demurrer interposed. However, it must be conceded that the second is fatally defective in failing to allege defendant's knowledge of the forgery of the note, and. therefore, charged no offense.—§ 4719 of the Code; *Anderson v. State*, 130 Ala. 226. But as the first count was sufficient and there

was testimony tending to establish the offense charged in it, the verdict and judgment thereon must be referred to that count.—*Handy v. State*, 121 Ala. 13, 15.

But it does not follow from this that charges refused to defendant, which asserted correct principles of law and were not abstract, were correctly refused, because they ignored the second count. As it charged no offense, the defendant in his request for instructions had the right to ignore it altogether, since it would not support a judgment of conviction. This being true, he had the right to have the court instruct the jury that they could not convict him under that count. The third written charge requested by defendant should have been given.

Reversed and remanded.

DOWDELL, SIMPSON, ANDERSON and DENSON, J.J., concurring.