# Johnson *v.* The State.

*Aiding an Escape.*

(Decided February 4, 1913.  60 South. 973.)

1. *Escape; Aiding; Indictment.*—An indictment charging that the defendant pried open the bars of the window in a room in a jail in which a named person was confined, charged with a felony, with intent to aid and facilitate his escape, was not defective because it did not charge that such act was useful to aid the prisoner in escaping, as the act charged imports usefulness to that end.

2. *Same; Instructions.*—Under an indictment charging that the defendant pried open the bars of a window in a room of a jail in which a named person was confined, charged with a felony, with the intent to aid and facilitate the escape of such person, a charge asserting that it was not necessary that defendant should have actually performed the manual labor or pried the bar, but if there was a conspiracy, and he entered into it to aid or assist the escape of other felons, then he would be guilty of aiding and assisting, was not fatally defective as hypothesizing defendant's aid in the escape of persons who were, in fact, felons, instead of persons confined on a charge of felony.

3. *Same.*—Under such an indictment, and under evidence showing without conflict that the person therein confined had been convicted of murder, the defendant was not prejudiced by the inadvertent use of the word, felon, to describe the person whose escape was alleged to have been aided.

APPEAL from Shelby County Court.

Heard before Hon. E. S. LYMAN.

Julius Johnson appeals from a conviction for aiding a felon to escape.  Affirmed.

The indictment is as follows (omitting formal charging part): "Julius Johnson, whose name is otherwise

unknown to the grand jury, did aid or assist Henry Hickman, whose name is to the grand jury otherwise unknown, to escape from the county jail of Shelby county, Alabama, in which he was lawfully confined, of a charge of felony, to-wit, murder, by prizing open the bars of a window in one of the rooms of said jail, in which room the said Henry Hickman was confined. The said prizing open of the bar of said window was done with the intent to facilitate the escape of said Henry Hickman." (2) "Julius Johnson, with the intent to aid and facilitate the escape of Henry Hickman, who was lawfully confined in the county jail of Shelby county, Alabama, on a charge of felony, to-wit, murder, from said confinement in said jail, prized open the bars of a window in one of the rooms of said jail, this being the room in which the said Henry Hickman was confined." (3) Same as 2. (4) Same as 2, with the added averment, "such act or way being useful to aid the said Henry Hickman in escaping." The demurrers were that: "It is not alleged that Hickman was lawfully confined on the charge of murder at the time defendant is alleged to have aided him to escape. It is not alleged that the act or acts ascribed to the defendant were done to aid or assist the said Hickman to escape. It is not averred that the acts ascribed to the defendant were done with the intent to aid or facilitate the said Hickman to escape from said jail."

RIDDLE, ELLIS, RIDDLE & PRUET, for appellant. The indictment was defective and subject to demurrer.— Section 6870, Code 1907. Statements made by defendant prior to his trial not amounting to a confession, and not tending to connect him with the commission of the offense are not admissible against him.—*Stinson v. The State*, 3 Ala. App. 74. An indictment can be framed

so as to avoid all difficulties as to variance, and when there is a variance between the allegation and proof, it is fatal.—*James v. The State,* 115 Ala. 82.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. The indictment was sufficient.—Sec. 6870, Code 1907; *Hurst v. The State,* 79 Ala. 55; *Walker v. The State,* 91 Ala. 32. The demurrer went to the indictment as a whole, and was properly overruled unless each count was bad. The motion to exclude Strickland's testimony was not made until after the question had been answered, and hence, came too late.—*Billingsley v. The State,* 96 Ala. 126; *Downey v. The State,* 115 Ala. 108; *Stowers F. Co. v. Brake,* 158 Ala. 679. The court's charge was correct; *Martin v. The State,* 89 Ala. 115; *Ex parte Bonner,* 100 Ala. 114; *Morris v. The State,* 146 Ala. 66.

WALKER, P. J.—Each count of the indictment charged that the defendant, with the intent to aid and facilitate the escape of a named person, who, it was alleged, was lawfully confined under a charge of felony, prized open the bars of a window in the room of the jail in which such person was at the time confined. It was not essential to the sufficiency of the indictment as a charge of the commission of the statutory offense (Code, § 6870) that it contain a specific averment to the effect that the act alleged to have been done by the defendant was useful to aid the prisoner in escaping, as the act alleged—the prizing open of the bars of a window of the room in which the prisoner was confined—in its very nature imports usefulness to the prisoner in aiding him to escape.—*Walker v. State,* 91 Ala. 32, 10 South. 30. The indictment was not subject to demurrer on either of the grounds assigned against it.

An exception was reserved to the following statement made by the court in the course of its oral charge: "I say that it is not necessary that the defendant should have actually performed manual labor, or prized the bar, but if there was a conspiracy, and he entered into it for the purpose of aiding or assisting the escape of other felons, then he would have been guilty of aiding and assisting." In the argument of the counsel for the appellant it is not claimed that this was a misstatement of the rule of law as to one's criminal responsibility for the acts of others done in furtherance of a conspiracy to which he was a party (*Morris v. State*, 146 Ala. 66, 88, 41 South. 274); but the criticism is that the defendant's participation in a conspiracy to aid or assist in the escape of other felons was hypothesized, and that it was stated that the defendant would have been guilty if he so participated, and it is insisted that the court in so stating fell into error, because the only charge made in the indictment was in reference to the defendant's aiding the escape of one who was alleged to be, not a felon, but a person who was in confinement on a charge of felony. We cannot on such a ground say that there should be a reversal because of the statement excepted to. The court did not in that statement affirm that, if the facts hypothesized were found to be true, the defendant was guilty of the offense charged in the indictment, or that he should be convicted, but merely that he was guilty of aiding and assisting. On the hypothesis stated, he was so guilty, and it cannot be said that the statement of the court to that effect was erroneous. It seems that any misleading tendency that statement may have had must have been corrected by written charge "D," which was given at the request of the defendant.

Similar criticisms are aimed at other parts of the court's oral charge to which exceptions were reserved. We find nothing to support such criticisms except the obviously inadvertent use by the court of the word "felon" to describe the person whose escape was alleged in the indictment to have been aided by the defendant. As the evidence without conflict showed that at the time of the trial that person had been convicted of murder, and in view of the fact that the court gave written charge "D," requested by the defendant, we cannot conclude that the defendant was prejudiced by the court's referring to such person as a felon.

There is a palpable lack of merit in other exceptions reserved by the defendant.

We find no prejudicial error in the record.

Affirmed.