# Ramey *v.* The State.

*Aiding Prisoner to Escape.*

(Decided December 16, 1913. 64 South. 168.)

1. *Bill of Exceptions; Filing; Time.*—Where the judgment of conviction was entered on February 14, and the bill of exceptions was not presented to the trial judge until June 21, it was not presented within the time required by section 3019, Code 1907; hence, defendant's motion to establish bill of exceptions must be denied, although defendant confessed judgment for the fine and costs on February 22. The time for presenting the bill runs from the day of the entry of the judgment of conviction.

2. *New Trial; Motion; Criminal Case.*—The ruling of the trial court on a motion for new trial in a criminal case is not reviewable.

3. *Indictment and Information; Statutory Offense.*—As a general rule a statutory offense may be charged in the language of the statute.

4. *Same; Sufficiency.*—The indictment in this case examined and held to substantially follow the language of section 6870, Code 1907, and therefore sufficient to charge the offense denounced therein.

5. *Same; Misjoinder of Offenses.*—Under section 7151, an indictment charging that defendant furnished tools with intent to aid in the escape of N. and B., prisoners in the county jail, was not demurrable as being a misjoinder.

APPEAL from Jefferson Criminal Court.

Heard before Hon. S. E. GREENE.

Travis Milton Ramey was convicted of aiding a prisoner to escape, and appeals. Affirmed.

The indictment contained three counts, as follows: (Omitting formal charging part) "Travis Milton Ramey did convey into the county jail of Jefferson county, Ala., saws, things useful to aid a prisoner to escape therefrom, with intent to facilitate the escape of Will Nabors, a prisoner lawfully confined therein under a charge for the criminal offense of murder, and William Mosely Bailey, a prisoner lawfully confined therein, under a conviction in the Criminal Court of Jefferson County, Ala., of a felony [naming it]." The second count omitted the name of William Mosely Bailey, and was otherwise the same as the first; the third count omitted the name of Will Nabors, and otherwise was the same as the first count.

TRAVIS MILTON RAMEY, *pro se.* If Feb. 14 is the correct date, the court violated sec. 7634 in not pronouncing an alternate jail or hard labor sentence against him; hence, the true date of the judgment was the date of the pronouncing of the sentence, or rather the confession for fine and costs, which was not entered until Feb. 22.—*Burke v. State,* 74 Ala. 399; *Woodruff v. State,* 54 South. 240; Secs. 3019, and section

7634, Code 1907. Appellant contends that the indict-
ment was insufficient for two reasons, first, it contained
a misjoinder of offenses; second, it did not sufficiently
charge the offense.—*Trammel's case,* 111 Ala. 77;
*Hurst's case,* 75 Ala. 55; *Walker's case,* 91 Ala. 32.
Appellant further contends that the evidence is not suf-
ficient to warrant a conviction of the offense charged.
—*Hurst's case, supra; Gray v. State,* 63 Ala. 75; *Tarver
v. State,* 43 Ala. 356; 12 Cyc. 180; Lawson on Evid. 67.

R. C. BRICKELL, Attorney General, for the State. The
indictment uses the language of the statute, and was
sufficient.—Sec. 6870, Code 1907; *Walker v. State,* 91
Ala. 32. There was no misjoinder.—Sec. 7151, Code
1907.

PELHAM, J.—It is shown by a certificate of the
trial judge appended to the bill of exceptions sought to
be established on this appeal that the bill was first pre-
sented to the judge on the 21st day of June, 1913, and
was "refused because not presented within the time
required by law." It is conceded that June 21st is the
true date of presentation. The judgment entry set out
in the transcript shows that the defendant was tried
and convicted, and a judgment of guilty entered and a
fine of $50 assessed against him on the 14th day of Feb-
ruary, 1913. From this judgment of conviction of the
offense charged, based on and following the verdict of
the jury, and fixing the fine in the amount of $50 as
assessed by the jury, an appeal would lie, and the time
within which a bill of exceptions could have been pre-
sented to bring the presentation within the time re-
quired by law must be computed from the date of this
judgment of conviction rendered on the 14th day of
February, 1913; and, the bill not having been presented

within the 90 days from the date on which judgment was entered, as provided by the statute (Code, § 3019), the appellant's motion to establish a bill of exceptions must fail.

It appears from the judgment entry that the defendant confessed judgment for the fine and costs on February 22, 1913, and that the court suspended sentence pending an appeal on the 24th day of March, 1913. It is variously insisted that the bill of exceptions was presented within the time required by law because of the action of the court shown to have been taken upon these dates, and for the reason that defendant's motion for a new trial was overruled on March 22, 1913. Even if it would be proper, which it is not, to take the date on which the fine and costs were confessed as the time from which the 90 days should commence to run, still the bill would not have been presented within the time. The presentation having been made more than 90 days after rendition of the judgment, even if it had been made within 90 days from the date on which the motion for a new trial was overruled, nothing could be presented by it except the action of the court in overruling the motion for a new trial (*Yolande C. & C. Co. v. Norwood,* 4 Ala. App. 391, 58 South. 118), and the action of a trial court in passing on such a motion in a criminal case is not reviewable here (*Mangrall v. State,* 1 Ala. App. 189, 55 South. 446.) Moreover, the bill of exceptions was not presented within 90 days from overruling the motion. The record shows that the motion was overruled on March 22, 1913, and the bill was not presented to the trial judge until June 21, 1913.

The indictment charges the offense in the language of the statute. The demurrers were not well taken, and the court properly overruled them.—Code, § 6870; *Walker v. State,* 91 Ala. 32, 10 South. 30.

[Young v. The State.]

It is the general rule that an offense created by statute may be charged in the language of the statute.— *Sellers v. State,* 7 Ala. App. 78, 61 South. 485.

The indictment was not subject to demurrer because of misjoinder.—Code § 7151, and authorities there collected and cited.

The record presents no error, and the judgment of the court below will be affirmed.

Affirmed.