263 So.2d 170

Bobby DUKE, alias

v.

STATE of Alabama.

Ex parte Bobby Duke, alias Bobby Dukes also known as Bobby Joe Duke.

7 Div. 900.

Supreme Court of Alabama.

Aug. 19, 1971.

For decision on certiorari after remand, see post p. 544, 263 So.2d 176.

For decision after second remand, see Ala.Cr.App., 263 So.2d 177.

Gus W. Colvin, Jr. and James S. Hubbard, Anniston, for petitioner.

MacDonald Gallion, Atty. Gen., and Joseph Victor Price, Jr., Asst. Atty. Gen., for the State.

MERRILL, Justice.

Petitioner seeks a review by certiorari of a decision of the Court of Criminal Appeals which affirmed a conviction of second degree murder.

The basis of the petition is that the decision is in conflict with a prior decision of the Supreme Court of the United States on the constitutional prohibition against double jeopardy, announced in Ashe v. Swenson, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed. 2d 469. There, it was said:

> "The Fifth Amendment's guaranty against double jeopardy, as made applicable to the states by the Fourteenth Amendment, forbids a state to treat a first trial at which the defendant is acquitted, as no more than a 'dry run' for a second prosecution."

The facts sufficient for this opinion are that on January 18, 1967, three masked gunmen entered the Harrison home, and while one of them held twelve-year-old Melanie Sue Harrison, her father, LeGrande Harrison, was shot and killed in one room and her grandfather, Lelus Harrison, was shot and killed in another room.

Neither Melanie nor the petitioner were in the rooms where the shootings occurred, and there is no claim that petitioner did any shooting, but that he was an accessory under Tit. 14, § 14, Code 1940.

In the instant case, petitioner was indicted and tried for killing Lelus Harrison. At trial he filed pleas of autrefois acquit and double jeopardy, showing that he had been acquitted in the Circuit Court of Calhoun County for the murder of LeGrande Harrison on January 18, 1967.

Petitioner's main contention in the Court of Criminal Appeals and here is that his conviction cannot stand under the holding in the *Ashe* case because the only issue in his first case was whether the petitioner was one of the men who unlawfully entered the Harrison home on January 18, 1967, and he was acquitted by the jury in the case where he was charged with killing LeGrande Harrison.

Most of the argument in petitioner's brief on appeal to the Court of Criminal Appeals deals with this important constitutional question. Ashe v. Swenson, supra, is the first authority cited in his propositions of law and it was mentioned three times in the argument section. Attention was again directed to the *Ashe* case in brief on rehearing, but no mention of that case or discussion of the constitutional question appears in the opinion on appeal.

The opinion does say, "Duke sought to bring himself under the single-bullet-two-bodies-equal-only-one murder rule of Gunter v. State, 111 Ala. 23, 20 So. 632." This case is not cited in petitioner's original brief in that court, and we agree that it is not apt authority here, but we are also convinced that the collapse of the "single bullet theory" is no answer to the problem raised by the *Ashe* case.

Prior to the creation of the Court of Criminal Appeals, the former Court of Appeals was authorized to submit constitutional questions to this court, Tit. 13, §§ 87, 88, 98 and 99, Code 1940. But Act 987, General Acts 1969, listed as Tit. 13, § 111(1) et seq., which abolished the Court of Appeals and created the Court of Criminal Appeals and the Court of Civil Appeals, provides in Section 2 that the Court of Criminal Appeals "shall have exclusive appellate jurisdiction of * * * all felonies * * *." Also, §§ 87, 88, 98 and 99, supra, were omitted from the Act, the intent being that the two new appellate courts would decide constitutional questions when properly raised.

It is a fact that for many years this court did dispose of constitutional questions raised here on certiorari to the former Court of Appeals when that court had written no opinion or had not discussed the question. But here, we have a very important constitutional question in a criminal case, properly raised at nisi prius level and on appeal, but no mention whatever is made of it in the appellate court's opinion, and it is the most important point in the case.

The first paragraph of the dissenting opinion shows that all the justices participating in this opinion "agree * * * that the Court of Criminal Appeals should have treated the federal constitutional question presented to it." Apparently, our only real disagreement is how to get that court to do what we unanimously agree that it should have done.

In our latest case dealing with our relationship with the Courts of Appeals, Hanvey v. Thompson, 286 Ala. 614, 243 So.2d 748, we cited Section 140 of the Constitution of 1901 as our authority. That section concludes with the following proviso: "* * * provided, that the supreme court shall have power to issue writs of injunction, habeas corpus, quo warranto, and such other remedial and original writs as may be necessary to give it a general superintendence and control of inferior jurisdictions." We quoted with approval from Ex parte Louisville & Nashville R. Co., 176 Ala. 631, 58 So. 315, with respect to our power and authority to *superintend*

and *control* the Court of Appeals, and the following sentences are among that part quoted:

"  *   *   * 'It is the duty of this court, in order to enable it to carry out the powers with which the Constitution invests it, of exercising "a general superintendence of inferior jurisdictions," to adopt such course of proceedings as will make its control complete.  *   *   * 'Under this section of the Constitution, the Legislature  *   *   * *has no power to limit or prescribe the mode and manner in which it* [the Supreme Court] *must exercise its power to issue the writs therein named, and such other remedial and original writs as may be necessary to give it a general superintendence and control of inferior jurisdictions.*  *   *   *."

The author of the opinion, Bloodworth, J., also wrote:

"Likewise, in Act No. 987, supra, the act creating the present Courts of Appeals, the legislature recognizes the power of this court to control the proceedings and decisions of the Courts of Appeals. Section 10 of the Act is but a copy of that section of the Acts of 1911, quoted supra.

*   *   *   *   *   *

And  "  *   *   * we still preserve our constitutional right to prescribe the mode and manner in which we will exercise the power to issue writs of certiorari and any other remedial writs which we deem necessary to give us general superintendence and control over the Courts of Appeals.  *   *   *"

If we see and know that either of the Courts of Appeals has omitted to do something which we agree it should have done, and the omission is important—here, the failure to consider a properly raised constitutional question which could mean the difference between liberty and a thirty-year sentence—we would be derelict in our duty to superintend and control if we did not call the omission to the attention of the appellate court. And, as already noted, it is our duty "to adopt such course of proceedings as will make its (our) control complete." We have merely adopted the proceeding of pointing out the important omission and remanding the cause to the Court of Criminal Appeals for consideration and treatment of this important constitutional question. The decision of that court is neither affirmed nor reversed, because the opinion is incomplete.

We do not tell the Court of Criminal Appeals how to dispose of the question or what result to reach, but only point out that it is its duty to consider, treat and dispose of this constitutional question in its opinion.

We are not directly or impliedly overruling those cases which hold that under ordinary circumstances we have nothing to review in the absence of an opinion by the Court of Criminal Appeals. Those cases still state the law, but they are concerned with instances where no opinion was written and no constitutional question was involved.

■ Custom and usage in this state has been that appellate courts deliver written opinions in most cases. Tit. 13, § 66, Code 1940 exempts appellate courts from writing opinions in certain cases, and we often write memorandum opinions when a companion case is decided on the authority of its main case. But this is not a "no-opinion" case. There is an opinion but it omitted consideration and treatment of a very important, properly raised constitutional question, which was the main point raised and argued in briefs in the Court of Criminal Appeals.

This is not a mandamus suit. No party has asked us to do anything more than to affirm or reverse the judgment of the Court of Criminal Appeals. But pursuant to our duty to superintend and control, we are simply remanding the cause in order that that court may cure an important omission in its opinion.

We do not think this is a strange or new thing when we have for years reversed the judgment of the Court of Appeals and said "and the cause remanded to that court with directions to vacate the judgment·discharging the defendant, and for further consideration not inconsistent with this opinion." Seals v. State, 239 Ala. 5, 194 So. 682. For similar directions, see Smith v. State, 243 Ala. 253, 9 So.2d 122, and Evans v. State, 246 Ala. 328, 22 So.2d 98.

The dissenting opinion relies on Blackwood v. Maryland Casualty Co., 227 Ala. 343, 150 So. 180. We quote the opening and closing paragraphs of the opinion on rehearing:

> "In connection with the petition for certiorari, petitioner also prays for mandamus to the Court of Appeals to require them to pronounce judgment and opinion upon all assignments of error argued and urged upon that court in the original submission.
>
> \*   \*   \*   \*   \*   \*
>
> "Since petitioner shows no legal right to have the Court of Appeals declare its conclusion upon every nor any specific assignment of error, nor those referred to in the petition, she shows no right to a writ of mandamus, and the rule nisi will not be ordered."

These two paragraphs show the question presented and the holding of the majority. We hasten to say that we agree that no appellate court is under any duty to "pronounce judgment and opinion upon all assignments of error argued" in brief in a civil case, when one of the parties to an appeal seeks, by mandamus, to require such action. That is what Blackwood holds.

■ We think it is the duty of every appellate court, in its opinion, to treat and dispose of any constitutional question properly raised in a criminal case on appeal. The treatment and disposition of the question is in the discretion of that court, but justice requires that the constitutional question be considered and treated in the instant case by the Court of Criminal Appeals before its final disposition.

The question should have been treated in the opinion of the Court of Criminal Appeals and the cause is remanded to that court for consideration and treatment.

Remanded with directions.

HEFLIN, C. J., and LAWSON, SIMPSON, MADDOX and McCALL, JJ., concur.

COLEMAN, HARWOOD and BLOODWORTH, JJ., dissent.

HARWOOD, Justice (dissenting).

I agree with the view of the majority of my brethren that the Court of Criminal Appeals should have treated the federal constitutional question presented to it.

I am not, however, in agreement with the majority in their action in remanding this case to the Court of Criminal Appeals for *consideration and treatment* of the constitutional question.

It is true that Act 987, General Acts of 1969 (carried forward as Sections 111(1) through 111(33), 1958 Recompiled Code) creating the Court of Criminal Appeals and Court of Civil Appeals, omits Section 87, Title 13, Code of Alabama 1940, which provides:

> "If the validity of a statute of this state or of the United States is involved said court of appeals shall so certify and thereupon the transcript and all papers in said cause, with such certificate shall be transmitted to the supreme court and all proceedings conducted thereafter as if said cause had been appealed originally to said supreme court."

I do not see how the omission of this statute (nor the omission of Secs. 88, 98, and 99) can be deemed to overrule the vast number of our cases holding to the effect, that in the absence of an opinion by the Court of Appeals (now the Court of Crim-

inal Appeals) we had nothing to review. It is equally clear under our decisions, however, that this rule does not preclude us from reviewing a decision of that court where a constitutional question is involved. Gandy v. State, 276 Ala. 409, 162 So.2d 620; Brown v. State, 277 Ala. 353, 170 So.2d 504, and cases cited in each of the above.

I frankly am not certain as to the nature of the order of this court remanding this case to the Court of Criminal Appeals, i. e., "for consideration and treatment" (of the constitutional question involved). To me it appears to partake largely of the nature of a writ of mandamus.

If so, mandamus will not lie for the purpose of requiring a lower court to perform a judicial duty or one calling for the exercise of judicial discretion. Mandamus will lie only to command a lower court to act, that is to exercise its judgment or discretion, but will not direct the nature of its operation. East v. Todd, 284 Ala. 495, 226 So.2d 153; Ex parte State ex rel. Ingram Land Co., 208 Ala. 28, 93 So. 820.

More specifically, in Blackwood v. Maryland Casualty Co., 227 Ala. 343, 150 So. 180, this court had before it a petition for a writ of certiorari to the Court of Appeals, which petition also prayed for a writ of mandamus to the Court of Appeals to require that court to pronounce judgment *and opinion* upon all assignments of error urged upon that court on original submission.

After stating that it recognized the jurisdiction conferred on this court by Section 140 of our Constitution to take "general superintendence and control of inferior jurisdictions," this court wrote on rehearing:

"So that petitioner's right to mandamus depends upon whether she has the clear legal right to demand, and there is an imperative duty of the Court of Appeals, that the assignments of error argued and urged upon that court in the original submission be expressly adjudicated and declared in their judgment and opinion. As a premise leading to the result, we note that the Court of Appeals has final appellate jurisdiction (section 7309, Code), except that it is controlled by the decisions of this court and subject to its general superintendence and control. Section 7318, Code; section 140, Constitution.

"The general principles and statutory enactments which ordinarily control an appellate court of final jurisdiction in the determination of an appeal, and its duty in the matter of rendering judgments and opinions, is as applies to other courts of final appellate jurisdiction. So that, as declared by section 10336, Code, such court need not write an opinion at all unless in its judgment it would serve a useful purpose as a precedent, or when it relates to questions of fact only, or reaffirms previous decisions (to state it in the inverse order as there declared). The extent of the opinion is in the discretion of each appellate court, and there is no right in either party to have such opinion extended contrary to the discretion of that court; neither is there an imperative duty therefore of the court to include in its opinion any discussion which it deems unimportant." See also Tortomasi v. State, 238 Ala. 253, 189 So. 905, to this same effect.

It is to be noted that in Act No. 987, the jurisdiction of the two Courts of Appeal is described as "exclusive" rather than "final," the term used in describing the jurisdiction of the former Court of Appeals. See Section 86, Title 13, Code of Alabama 1940, and Sections 111(2) and 111(3), Michies Recomp. Code of Alabama 1958, pocket part. I do not think this change material in our consideration.

In view of the pronouncement in Blackwood v. Maryland Casualty Co., supra, and also additionally, since my limited time for research of this question has disclosed no grant of power, either by our Constitution,

**544**

statutes, or decisions, authorizing this court to direct either of our Courts of Appeal to write an opinion if it chooses not to do so, I conclude that the action of the court in the premises is unwarranted, and probably unenforceable.

I think a more appropriate procedure to be followed when either of the Courts of Appeal has not written an opinion, but has adjudicated the cause, and some constitutional question is involved, would be for this court to go to the record and determine the constitutional question presented. This has certainly been the course followed up to now.

Feeling that the direction to the Court of Criminal Appeals to review and treat the constitutional question was a direction improvidently entered, I respectfully dissent.

COLEMAN, J., concurs.

BLOODWORTH, Justice (dissenting).

I agree with the opinions expressed by my brother Harwood in his dissent.

In view of the fact that I was the author of the court's opinion in Hanvey v. Thompson, 286 Ala. 614, 243 So.2d 748 (alluded to in Mr. Justice Merrill's majority opinion), I feel I should add this additional comment.

In *Hanvey*, our holding was that the refusal of the trial court to give a certain written charge requested by the defendant was not reversible error. We said the charge was misleading and properly refused. We reversed the Court of Civil Appeals which had held that it was reversible error to refuse the charge. That portion of the *Hanvey* opinion quoted in the majority opinion simply reaffirms this court's historical position which is that we will continue to preserve our constitutional right "to prescribe the mode and manner in which we will exercise the *power to issue writs of certiorari and any other remedial writs* which we deem necessary" to super-

intend the Courts of Appeals. [Emphasis supplied]

I do not consider that there is any inconsistency with, or conflict between, the opinions expressed, or the holding reached, in *Hanvey* and the opinions expressed by Mr. Justice Harwood.

As Mr. Justice Harwood's dissenting opinion suggests, I think the proper course which we should pursue (if we think on our review that either of our courts of appeals has failed to treat a constitutional question raised) is to write an opinion treating such issue ourselves.

I most respectfully dissent.