301 So.2d 208

**In re Jake Edward HAYNES**

**v.**

**STATE of Alabama.**

**Ex parte Jake Edward Haynes.**

**SC 846.**

Supreme Court of Alabama.

Aug. 8, 1974.

J. Allen Cook, Andalusia, for petitioner.

William J. Baxley, Atty. Gen., and J. Richard Piel, Asst. Atty. Gen., for the State, respondent.

BLOODWORTH, Justice.

We granted the petition for writ of certiorari in this cause to review the decision of the Court of Criminal Appeals which affirmed petitioner's conviction for "aiding or assisting" a felony prisoner to escape, for which conviction he received a five-year sentence.

The petition raises a question as to the sufficiency of the indictment to support the conviction. After a thorough consideration of this issue, we conclude that the indictment will not support the conviction. We therefore reverse and remand.

Briefly, the facts are that James Fred Kelley, while lawfully confined in the Covington County Jail under conviction of a felony, escaped from that jail by holding a knife to a hostage's throat, then by demanding that an automobile be brought to the jail, that the jail door be unlocked, and that the officers "fade out of sight." The automobile was brought, the jail door was unlocked, the officers did apparently "fade out of sight" while Kelley, with hostage in tow, got into the car behind the steering wheel, whereupon the officers approached the car, opened fire, and killed Kelley on the spot.

It appears that petitioner, while serving as a trusty at the jail learned of Kelley's plan to escape, and at Kelley's request, secured the knife with which Kelley effected his escape. Kelley gave petitioner $5.00 for the knife.

We agree with the Court of Criminal Appeals that the weight and sufficiency of the evidence was for the jury. We cannot agree that there is no error in the record and that the cause should be affirmed. To the contrary, we must conclude that the indictment will not support the judgment of conviction.

■ Although the opinion of the Court of Criminal Appeals does not treat the question of the sufficiency of the indict-

ment, and as a rule this Court does not address itself to issues not passed on by our Courts of Appeal, this rule does not apply when the court in question has omitted to consider a properly raised federal constitutional issue. Duke v. State, 288 Ala. 538, 263 So.2d 170 (1971).

■ The issue as to the sufficiency of the indictment was raised in application for rehearing. It is a federal constitutional issue because a conviction upon an indictment which fails to state an offense, does not comport with "due process" under the Fifth and Fourteenth Amendments to the United States Constitution. Moreover, the indictment fails to inform defendant of the acts with which he is charged. Gayden v. State, 262 Ala. 468, 80 So.2d 501 (1955). Although the "federal question" in *Duke* was raised in original brief, we think that is not such a valid distinction as would require our reaching a different result here. Not withstanding our cases which hold that a ground of an application for rehearing, not argued or suggested until after an opinion and decision, cannot be considered [See Certiorari ☞57, Ala.Dig., Vol. 4; App. & Error ☞832(4) Ala.Dig., Vol. 2A.], such is not the rule when a "federal question" is involved. We have long held that we can, and will, review a decision of one of the Courts of Appeal on a "federal question" even though there is no written opinion of that court in the cause. See: State v. Parrish, 242 Ala. 7, 5 So.2d 828 (1941), Certiorari ☞13, Ala.Dig. Vol. 4. The more the reason then, that we should review a "federal question" when an opinion is written which fails to deal with, and treat, such a question.

As this Court expressed itself in the majority opinion in *Duke,* supra, viz.:

"We think it is the duty of every appellate court, in its opinion, to treat and dispose of any constitutional question properly raised in a criminal case on appeal."

Even the dissenters agreed with that pronouncement. This entire Court, then is firmly committed to the proposition that a federal constitutional question must be treated, if properly raised. *Duke,* supra. We think it was raised properly here.

Now, we address ourselves to the question as to the sufficiency of Count II of the indictment.

Petitioner was tried and convicted under Tit. 14, § 157, Code of Alabama 1940 (Recompiled 1958) which provides:

"Any person who conveys into the county jail, or into the penitentiary, or into any convict prison, or into any other lawful place of confinement, any disguise, weapon, tool, instrument, or other thing useful to aid any prisoner to escape therefrom, with the intent to facilitate the escape of any prisoner lawfully confined therein under a charge or conviction of felony, *or* who, by any other act; or in any other way, aids or assists such prisoner to escape, whether such escape be attempted or effected or not, *or* who rescues, or attempts to rescue, any such prisoner therefrom, or from the lawful custody of any officer or person, shall, on conviction, be imprisoned in the penitentiary for not less than two nor more than ten years." [Our emphasis.]

The pertinent portions of Count II of the indictment read as follows:

"The Grand Jury of said County charge that before the finding of this indictment, that Jake Edward Haynes, alias Jake Haynes, alias Edward Haynes, whose name is to the Grand Jury otherwise unknown, did aid or assist James Fred Kelley, a prisoner lodged in the Covington County, Alabama, jail under a conviction of a felony to escape therefrom, against the peace and dignity of the State of Alabama."

■■ This Court has long held that a count in an indictment framed in the

words of a statute (which describes the elements thereof), is sufficient against demurrer when there is no form for the count, and the offense is purely statutory. This rule, however, is inapplicable when the count of the indictment *does not follow the language of the statute* and *fails to state an offense.* In such an instance, the defendant is entitled to have the jury instructed that they cannot convict under that count. Shelton v. State, 143 Ala. 98, 39 So. 377 (1904). See also Duin v. State, 47 Ala.App. 693, 260 So.2d 599 (1971), reversed on other grounds, 288 Ala. 329, 260 So.2d 602 (1972). Although in the instant case, petitioner did not file a demurrer to the indictment, *he did request the general affirmative charge, and it was refused by the trial court.*

Long ago, the United States Supreme Court, in United States v. Simmons, 96 U. S. 360, 362, 24 L.Ed. 819 (1877), stated the reasons for the rule:

"Where the offense is purely statutory, having no relation to the common law, it is, 'as a general rule, sufficient in the indictment to charge the defendant with acts coming fully within the statutory description, in the substantial words of the statute, without any further expansion of the matter.' 1 Bishop, Crim. Proc., sect. 611, and authorities there cited. But to this general rule there is the qualification, fundamental in the law of criminal procedure, that the accused must be apprised by the indictment, with reasonable certainty, of the nature of the accusation against him, to the end that he may prepare his defence, and plead the judgment as a bar to any subsequent prosecution for the same offence. An indictment not so framed is defective, although it may follow the language of the statute."

It is obvious that Count II of the indictment seeks to charge an offense under Tit. 14, § 157 and falls far short of stating an offense. That statute has been a part of our law in an almost unchanged state for at least a hundred years.

Perhaps, the leading case decided under the statute is Hurst & Hill v. State, 79 Ala. 55 (1885) (Per Stone, C. J.). There, this Court held that it is necessary, in framing an indictment thereunder, to allege: (1) such "other act" or "other way" if laid under the second clause [as we take it the indictment was laid in the case before us] and, (2) that it [the disguise, weapon, tool, etc.] was "useful to aid" the person to escape unless by its very nature it appeared to be so; and (3) that it was done "with intent to facilitate the escape" of the prisoner. The latter averment was held in *Hurst* to be "indispensable."

An almost identical count, as Count II here, appeared in *Hurst,* and it was there held to be insufficient and the cause reversed. The first count in *Hurst* charges that the defendants "did assist one Gid J. Entriker, who was lawfully confined in the county jail of Calhoun County, under a charge of murder, to escape from said jail."

Subsequently, in Walker v. State, 91 Ala. 32, 10 So. 30 (1890) this Court held defective a similar count of an indictment charging that defendant did "aid or assist" two prisoners, who were confined in the county jail under charges of assault with intent to murder, to escape by unlocking or opening jail doors or windows because it did not aver that the "means" was useful to aid the prisoner's escape or that the act was done "with intent to facilitate the escape." This Court stated that such latter averment is a "necessary constituent of the criminal act" following *Hurst,* supra, but whether the unlocking or opening of a door would be "useful to aid the prisoner's escape" would depend on the circumstances. The Court went on to hold, viz.:

"The statute, as has been said, is not merely an affirmation of the common law, but creates a new substantive offense, having three main ingredients: 1st, a prisoner lawfully confined under a charge or conviction of felony; 2d, conveying into the county jail, or other

place of confinement, something useful to aid such prisoner to escape, or aiding or assisting his escape by any other act, or in any other way, whether such escape be attempted or effected or not; 3d, the intent to facilitate the escape of such prisoner.—Wilson v. State, 61 Ala. 151. When the indictment charges that the offered assistance was by some other act or way than those specially named in the first clause of the statute, it is essential, in order to charge the complete statutory offense, that the indictment should aver the intent to facilitate the escape of the prisoner, and that such act or way was useful to aid him in escaping, unless it naturally so appears; these being necessary constituents of the criminal act, though mentioned only in the first clause in juxtaposition to the modes of assistance therein specially named. * * *"

In three other cases, decided subsequent to the *Hurst* case, Marshall v. State, 120 Ala. 390, 25 So. 208 (1898), Ramey v. State, 9 Ala.App. 51, 64 So. 168 (1913), and Johnson v. State, 7 Ala.App. 88, 60 So. 973 (1913), indictments which were laid under this statute [Tit. 14, § 157] were held to be sufficient against demurrer. However, each followed the requisites laid down in our 1885 case of *Hurst*, supra. It would thus appear that the insufficiency of such a count as Count II in the instant case is well settled.

■ In conclusion, and by way of summary, we hold that Count II of the indictment will not support a conviction because it fails to state an offense under § 157 of Tit. 14 in that it does not aver: (1) "what that other thing, act, or way was" which aided or assisted the prisoner to escape; (2) "that it was useful to aid the prisoner's escape, unless by its very nature it appeared to be so"; *and* (3) "that it was done 'with intent to facilitate the escape,'" the latter being an indispensable averment. Hurst & Hill v. State, supra.

We reverse and remand this cause to the Court of Criminal Appeals for entry of a judgment and decision in accordance with this opinion.

Reversed and remanded.

MERRILL, HARWOOD, McCALL, FAULKNER and JONES, JJ., concur.

HEFLIN C. J., and MADDOX, J., dissent.

MADDOX, Justice (dissenting).

Haynes did not challenge the legal sufficiency of the indictment by any pleading. He did not argue on original submission to the Court of Criminal Appeals that the indictment was legally insufficient. He first raised this point on application for rehearing in the Court of Criminal Appeals. I think he is late and we should not review the point raised for two reasons. First, I think the opinion of the Court of Criminal Appeals is correct. Second, I think the majority incorrectly examines the original record in the Court of Criminal Appeals. Present Rule 39 of this Court does not permit such an examination of the original record.

The allegations in the indictment closely follow the language of Title 14, § 157, Code of Alabama, 1940. I think the defendant had more than sufficient notice of the charge against him. Certainly the indictment was specific enough that he would be protected against being tried a second time for the same offense. That is one of the purposes of an indictment, as I understand the law.

I think Duin v. State, 288 Ala. 329, 260 So.2d 602 (1972) stands for the proposition that an indictment which substantially follows the language of a statute, and which is not tested by a demurrer, is sufficient to support a judgment. Consequently, I must respectfully dissent.