b Laws of Ala
453.

---

THE STATE v. PLUNKET.

Where in a statute, a general word is used, and afterwards more special terms, defining an offence, an indictment charging the offence must use the most special terms; and if the general word is used, though it would embrace the special term, it is bad.

PETER PLUNKET was indicted in the Circuit Court of Autauga county under the statute for horse stealing.   The indictment charged him with stealing a *horse.*   On the trial, the proof was that the animal stolen was a *gelding,* and the prisoner was convicted and sentenced.   But the presi-

ding Judge, under the statute authorizing novel and difficult questions to be referred to this court, reserved the question whether the defendant could be lawfully convicted.

GORDON, argued for the prisoner, and cited the following authorities to shew that the judgment was erroneous, and that the proof was insufficient to sustain the verdict. Laws of Alabama, page 208, sec. 19, page 915; Starkie's Criminal Pleader, 214, 249; Foster's Crown Law, 424; Cro. Jac. 607; 4 Bl. Comm. 240, note 14; 2 Hale, 182–3; 2 Hawkins, 479, sec. 34; ib. 486; ib. 615, 616, sec. 183; 3 Chitty's Criminal Law, 737, 983; 2 East, 676; 1 Leach, 105; East's Crown Law, 617.

PERKINS, Attorney General, for the State.

By JUDGE COLLIER. The question reserved for the consideration of this Court is, "can a defendant, on an indictment for stealing a horse, and it is proved to be a gelding, be convicted?"

The statute which directs the punishment for such an offence is in these words, "That if any person do feloniously take or steal any horse, mare or gelding, foal or filly, ass or mule; the person so offending shall, &c."[a] When a generic term employed in a statute is succeeded by one more definite in its meaning, it is necessary in an indictment predicated upon such statute, that the latter term should be used. Let this principle be applied: the word gelding being used after a term more general in its import, and the proof shewing a gelding to have been the subject matter of the theft, it results from this discrepancy between the allegation and the proof, that the defendant cannot be punished for the offence charged. Again, when a statute describes more objects of larceny than one, the legislature are to be understood as mentioning them in contradistinction to each other, and an indictment must be framed according to the particular facts, even though one of the descriptive terms may be sufficiently comprehensive to include all. Hence it follows, that before a defendant receives the statutory punishment, he must be found guilty on an indictment charging the particular offence which he has committed.[b]

If the descriptive term "horse" alone, had been used, evidence that a gelding was stolen would have been admissible; but as the legislature have thought proper to par-

*a* Laws of Ala. 208.

*b* Stark. Crim. Plead. 214. 249, 2 Hale, 182-3. 2 Hawk. 480, 486, 615, 616, 3 Chit. Crim. Law 737. 2. East. 576.

ticularize and define other objects, the conclusion is obvious, from the reasoning employed, that in an indictment upon the statute it is necessary to be equally specific.

With this view of the question, the Court are unanimous in the opinion that the judgment below should be reversed.

Judgment reversed.