# BROWN v. BAILEY.

1. A declaration for an injury to cattle is not supported by evidence of injury done to mules. The term cattle, in its usual and ordinary acceptation in this State does not include mules.

WRIT of Error to the Circuit Court of Sumter county.

Brown declared in trespass against Bailey for wounding *certain cattle.* At the trial on the general issue, the evidence was, that the defendant had killed one mule and wounded another. The Court charged the jury, that the allegation of an injury to cattle was not supported by the evidence of an injury to mules. The plaintiff excepted, and now questions the correctness of this decision.

SMITH, for the plaintiff in error, insisted that mules are included under the general term cattle. Under an English statute against maiming cattle, it has been held to include horses, mares, colts. [2 Starkie Ev. 5 Am. ed. 502 ; Roscoe's Crim. Ev. index, Cattle.]

BOYD, contra, contended that words were to be considered in their usual and customary acceptation ; and whatever meaning is attached to the term cattle in England, here it means only neat cattle, as oxen, Cows, &c. or small cattle, as sheep and goats.

GOLDTHWAITE. J.—Whatever may be the meaning given to the term cattle elsewhere, it is certain that with us it never is considered, in common parlance, to include either horses or mules. The legislation of the State frequently uses the term as distinguishable from horses and hogs—and by it neat cattle seem to be usually intended. Thus, persons who have horses, cattle, or other stock, shall have a brand or mark. [Dig. 79, §1.] So it is not lawful for any drover to drive horses, mules, cattle, hogs or sheep, from the range to which the

same may belong. [Id. 80, §5.] Importing *cattle* afflicted with a contageous distemper, is punishable by a fine of ten dollars *per head*—stealing neat cattle, hogs, sheep or goats, is punishable in a different manner from the stealing of horses and mules. [Id. 104, §23.]

We consider it proper to hold the plaintiff to the usual meaning of the term, and the more especially, as evidence of the kind which was before the jury, must have been a surprise on the defendant.

Let the judgment be affirmed.