## Toledo, Wabash & Western Railway Company
### *v.*
## John Cole.

1. PLEADING—*of the declaration—in an action against a railroad company for injury to stock.* A declaration in an action against a railroad company, contained but one count, and that was for killing and crippling a mare and a mule, but it was not averred which animal was killed and which crippled. This defect, however, was regarded as cured by a subsequent averment, that by the act of the defendants in running their train upon them, they were lost to the owner.

2. RAILROADS—*liability for injury to a mule.* Under the act of 1855, which requires railroad companies to make and maintain fences "sufficient to prevent cattle, horses," &c., from getting on the road, a railroad company would be liable for injury to a mule, occasioned by a non-compliance with the statute, as mules are embraced in the terms "cattle and horses," as used in this statute.

APPEAL from the Circuit Court of Morgan county; the Hon. CHARLES D. HODGES, Judge, presiding.

The opinion states the case.

Messrs. ROBERTSON & BARNES, for the appellants.

Messrs. MORRISON & EPLER, for the appellee.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

The only question presented by this record is as to the declaration. It contained but one count, and that for killing and crippling a mare and a mule.

The defendants demurred, generally, to the declaration, which the court overruled, and the defendants abided by their demurrer. A jury was called to assess the damages, and judgment for the plaintiff for the damages so assessed.

The action was brought against the railway company under the act of 1855, for killing and crippling a mare and a mule, they having got upon the track, the same being injured at a place where, by law, the company were bound to fence.

The declaration, in its frame, is a substantial compliance with the statute, and with the rulings of this court thereunder.

An exception might be taken to it, in this, that it does not aver which animal was killed and which crippled. There is an averment, however, that by the act of the defendants in running their train upon them, they were lost to the owner. Here, then, damage and loss are alleged.

The point is made, that the statute does not include mules —it is insisted they are neither horses nor cattle. In Alabama,

mules are not ·considered cattle. *Brown* v. *Baily*, 4 Ala. 413. This was an action of trespass, for wounding certain cattle. The evidence was, that the defendant had killed one mule and wounded another.

The court held, that in Alabama, mules had never been regarded as cattle—that there, the term "cattle," in common parlance, does not include horses or mules. The plaintiff was held to the usual meaning of the term, especially, as evidence of the kind before the jury must have been a surprise on the defendant. But that was a question of pleading, and not applicable to this case, which is on the construction of a statute.

Without going into this subject, it is sufficient to say, this court, in the case of *O. & M. R. R. Co.* v. *Brubaker*, 47 Ill. 462, held, in a case similar to this now before us, that an ass was comprehended under the terms "horses and cattle," as used in the statute. It is not going too far in this case, to say that a mule comes nearer a horse than an ass. On the authority of that case, we must hold that mules are embraced in the terms "horses and cattle," as used in the statute.

The judgment must be affirmed.

*Judgment affirmed.*