# Watson *v.* The State.

## *Indictment for Larceny.*

1. *Description of animal stolen.*—A *steer* is an "animal of the cow kind," within the meaning of the statute approved February 20, 1875, amending section 3706 of the Revised Code (Sess. Acts 1874-5, p. 260); and it may be so described by that name, in an indictment under this statute, without the addition of any other words.

FROM the Circuit Court of Baldwin.

Tried before the Hon. H. T. TOULMIN.

The indictment in this case charged, that the defendant "feloniously took and carried away a steer, the personal property of Mary O'Neal." The defendant pleaded not guilty, but was found guilty by the verdict of the jury, and sentenced to imprisonment in the penitentiary for the term of two years. He moved in arrest of judgment, on the ground that the offense charged in the indictment, if any, was only petit larceny ; but the court overruled the motion. This is the only point here presented for revision.

D. C. ANDERSON, for the prisoner.

JNO. W. A. SANFORD, Attorney-General, for the State.

BRICKELL, C. J.—The statute approved February 20, 1875, amendatory of section 3706 of the Revised Code, converts the stealing of certain animals, and among others a "cow, or animal of the cow kind," into grand larceny, punishable on conviction by imprisonment in the penitentiary, or hard labor for the county. The first question raised in the present case is, whether a *steer* is an "*animal of the cow kind,*" within the meaning of this statute. We entertain no doubt that the statute was intended to embrace (and such is the popular signification of the words) every animal which is the offspring of the female of the bovine genus of animals. *Steer* and *ox*, in the popular use of words, are equivalent, and are used to designate a castrated taurine male, which has been brought under the yoke. It is, equally with a *heifer*, an animal of the cow kind.—*Parker v. State*, 39 Ala. 365.

It is insisted, if this be true, the indictment is insufficient, without an averment that a *steer* is *an animal of the cow kind.*

[Jacobson v. The State.]

There may be authorities found, which sustain the objection. More recent authorities affirm the better rule, that if the description of the animal in the indictment necessarily brings it within the general words of the statute, the indictment is sufficient.—*State v. Abbott,* 20 Vermont, 537; *Taylor v. State,* 6 Humph. 285. The statute provides, that in an indictment for the larceny of an animal, it is sufficient to describe it by such name as in the common understanding embraces it. R. C. § 4138.

The judgment is affirmed.