# Bazell v. The State.

### Indictment for Larceny of Hog.

1. *Costs of first indictment, as part of second.*—A *nolle-pros.* being entered, on verdict sustaining a plea of misnomer, and another indictment preferred, the costs incurred under the first indictment can not be taxed against the defendant, on his conviction under the second.

2. *Larceny of hog not marked or branded*—A conviction may be had for the larceny of a hog running at large, although it was not marked or branded as required by law (Code, §§ 1361–63), if the animal is otherwise sufficiently identified, and the ownership proved as laid.

3. *Reversal of judgment back to verdict*—The judgment in this case being reversed on account of an error in the taxation of costs, for which a sentence to hard labor was imposed, the reversal went back only to the verdict, and the cause was remanded, in order that the lower court might correct the sentence.

From the City Court of Decatur.

Tried before the Hon. Wm. H. Simpson.

The defendant in this case was indicted for the larceny of a hog, the personal property of H. A. Burt. The first indictment was found on the 9th January, 1890; to which the defendant pleaded in abatement, on account of a misnomer; and the issue joined thereon being found in his favor, the State entered a *nolle-pros.*, and the court ordered a new indictment to be preferred. A new indictment was at once found, and a trial had under it on the same day, January

[Bazell v. The State.]

13th, 1890, which resulted in a verdict of guilty. The court thereupon rendered judgment sentencing the defendant to hard labor for one year, as a punishment for the offense, and an additional term of 340 days for the costs, being 30 cents per day, the costs having been taxed by the clerk at $101.75. The defendant made a motion to have the costs re-taxed, on the ground that the clerk had improperly included the costs incurred under the first indictment; but he could not specify the items erroneously included, because the bill of costs contained no statement of the items. The court overruled this motion, and the defendant excepted.

The bill of exceptions contains also this statement: "The defendant's counsel, in his argument to the jury, commented on the fact that no evidence had been given as to any mark of H. A. Burt on the hog, as provided by law, nor that said hog had any mark at all on it. The court charged the jury, that this was entirely immaterial, if it was otherwise shown, by flesh-marks or otherwise, that said hog was the property of H. A. Burt; as the statute referred to by defendant's counsel was obsolete, and, so far as the court's information extends, is not generally observed. To this charge defendant excepted."

MORRIS A. TYNG, for appellant.

WM. L. MARTIN, Attorney-General, for the State.

SOMERVILLE, J.—The *nolle-prosequi* entered by the State, after the defendant's plea of misnomer, put an end to the particular indictment. The second indictment, for all purposes, save as affected by the statute of limitations, was the beginning of a new prosecution.—Code, 1886, §§ 4389–90, § 3715; 1 Bish. Crim. Proc. (3d Ed.), § 1395. It follows from this principle, that the costs of the dismissed prosecution are not chargeable against the defendant. It is apparent from the record that a part of such costs was taxed against him, but the precise amount does not appear from the evidence, and it is shown that he was sentenced to imprisonment for their satisfaction. This was error, for which the judgment must be reversed.

The fact that the owner of the stolen hog may have failed to comply with the statute (Code, 1886, §§ 1361–63) requiring hogs running at large to have ear-marks or brands, and to have them recorded in the office of the judge of pro-

[Olmstead v. The State.]

bate, was immaterial, if the hog in question was otherwise sufficiently identified. This neglect on his part, as was properly held by the court, would not justify the larceny of his property by the defendant.

We discover no other error among the rulings of the court than the first above pointed out.

The judgment of the City Court is reversed back to the conviction only, and the cause remanded, that the trial court may correct the sentence.—*Herrington v. State*, 87 Ala. 1; *Ex parte Simmons*, 62 Ala. 416.

Reversed and remanded.