# Thompson v. The State.

## Petit Larceny.

(Decided Feb. 14th, 1907. 43 So. Rep. 115.)

1. *Criminal Law; Appeal; Review; Motion to Quash Venire.*—Although the bill of exceptions recites that a motion to quash the venire was overruled oy the trial court, it does not present

[Thompson v. The State.]

that question for review, on appeal, in the absence of an entry in the judgment showing the court's ruling on the motion.

2.—*Larceny; Sufficiency of Evidence.*—Evidence in this case examined and held sufficient to warrant the jury in finding that defendant obtained the property with fraudulent intent to convert it to his own use.

APPEAL from Pike County Law Court.

Heard before Hon. A. H. OWENS.

The defendant was indicted for petit larceny, the taking of a ring of the value of $15. The evidence tended to show that Evelina Bradberry got a ring, which was found by her little grand-daughter, and that she had had the same for two or more years; that she had made no secret about having it; that she and her son often wore the ring. The evidence further tended to show that Pomp Bradberry wore the ring to defendant's place of business one night, and defendant asked him to let him see the ring; that he gave the ring to defendant, and on leaving the house defendant was gone, and he failed to ask him for it; that he went back the next night to see defendant about the ring, but did not ask him about it; that the morning after he went to defendant for the ring, and defendant told him that he had lost it off his finger that morning while washing his face and hands, and must have thrown it out with the water. Witness then went to defendant's home, and looked about the washstand and the place where the water was thrown out, but failed to find the ring, and went back and told defendant he could not find it. Defendant then said he must have lost it in the bed. Witness went to defendant's home again, searched the room and the bed with the aid of defendant's wife, and could not find the ring. Witness went back to defendant's place of business and told him he could not find the ring, and asked him to pay for it. Defendant offered him a small sum in payment for the ring, which he declined to accept; and defendant had never paid him anything. Defendant, testifying for himself, stated that Pomp Bradberry pulled off the ring in his place of business and asked him if he could fix the set in the ring. Defendant said he

could fix it by stricking it in with a paste he used in fixing the tips on the billiard cues, and that defendant requested him to do so; that he fixed it, and placed the ring on a shelf in his place of business to dry, and never thought any more about the ring until the witness' called for it; that he looked for it where he had left it, but could not find it; that a number of people had been in and about his place of business during the day the ring was there, and that he did not know what became of it; that he offered to pay $5 for the loss of the ring, but that the owner of the ring wanted $18, which was an exhorbitant price for it. The defendant requested the general affirmative charge, which was refused.

D. A. BAKER, for appellant.—No. brief came to the reporter.

ALEXANDER M. GARBER, Attorney General, for State. —The motion to quash the venire cannot be considered. —*Spraggins v. The State,* 139 Ala. 93; *Gaston v. Marengo, etc.,* 139 Ala. 465. The court properly refused the general charge to the defendant.—*Bonner v. The State,* 125 Ala. 49 and cases there cited.

DENSON, J.—A motion was made in the court below to quash the venire of jurors sumomned for the second week of the term of the court. The bill of exceptions recites that this motion was overruled, but there is no entry in the judgment proper showing that the court made any ruling on the motion. In this state of the record we will not review the ruling of the court on the motion.—*Gaston v. Marengo Improvement Co.,* 139 Ala. 465, 36 South. 738; *Spraggins' Case,* 139 Ala. 93-102, 35 South. 1000.

Under the evidence in the case it was open for the jury to infer that, at the time the defendant obtained the ring from the state's witness, he did so with the fraudulent intent of converting it to his own use.—*Holbrook v. State,* 107 Ala. 154, 18 South. 109, 54 Am. St. Rep. 65; *Talbert's Case,* 121 Ala. 33, 25 South. 690; *Bonner's Case,* 125 Ala. 49, 27 South. 783; *Dickin's Case,* 142 Ala. 52, 39 South. 14, 110 Am. St. Rep. 17; *Pierce's Case,* 124 Ala. 66, 27 South. 269; *Washington's*

*Case,* 106 Ala. 58, 17 South. 546; *Eggleston's Case,* 129 Ala. 83, 30 South. 582; *Levy's Case,* 79 Ala. 259; *Verberg's Case,* 137 Ala. 73, 34 South. 848, 97 Am. St. Rep. 17. It follows that the affirmative charge, requested by defendant, was properly refused.

No error appears in the record, and the judgment must be affirmed.

Affirmed.

TYSON, C. J., and HARALSON and SIMPSON, JJ., concur.