### 3338. HANSFORD *v.* NATIONAL BANK OF TIFTON.

1. A national bank is a corporation, the powers of which are defined and limited by the acts of congress authorizing the creation of such banks.
2. The decisions of the United States Supreme Court are ultimate and paramount authority as to the powers and liabilities of national banks.
3. A national bank can not authorize or ratify an act absolutely ultra vires, committed by its agents or officers.
4. Neither the directors nor other officers or agents of a national bank have authority to institute prosecutions for violations of the public criminal laws of the State, or to cause requisition papers to be issued for alleged criminals. Such acts are entirely beyond the scope of the powers of a national bank, and liability does not attach against the bank for any attempt on the part of its directors, officers, or agents to exercise any such powers on its behalf.

DECIDED JANUARY 15, 1912.

Action for damages; from city court of Tifton—Judge Eve. March 6, 1911.

*C. C. Hall, Claude Payton,* for plaintiff.

*Fulwood & Murray,* for defendants.

POWELL, J. Hansford sued the National Bank of Tifton for damages, alleging that the defendant procured one Bailey to swear out a warrant charging the plaintiff with the offense of carrying concealed weapons, to cause requisition papers to be issued thereon, whereupon the plaintiff was arrested and imprisoned in the State of Florida. It is alleged that the bank's officers knowingly and maliciously had this process issued, without probable cause, and for the purpose of extorting from him a sum of money.

1. It is useless to enter upon any discussion of the question as to whether corporations may commit torts; it is well settled that they may. Hence, no doubt, there are some corporations that may commit the torts of false imprisonment and malicious prosecution. This general question is not here involved. The specific question is as to the powers of a national bank, and as to its capacity to com-

mit the particular tort alleged in the petition. National banks are corporations of limited capacity. They have no powers except such as are given them expressly or by necessary implication by the acts of Congress passed in relation to that subject. Logan County Natl. Bank v. Townsend, 139 U. S. 67 (35 L. ed. 107).

2. Whenever the power or liability of a national bank is called into question, necessarily a Federal question is involved, and consequently the United States Supreme Court is the ultimate and paramount authority on the subject; and all authorities of State courts to the contrary must yield.. California National Bank v. Kennedy, 167 U. S. 362 (42 L. ed. 198). These institutions are so far governmental agencies of the United States as that neither State statutes nor State decisions can impose any liability inconsistent with the liability intended by the Federal statutes, as construed by the Supreme Court of the United States. An examination of the decisions of the Federal courts on this subject discloses that the Federal government is vigilant and jealous to protect the assets of these banks from diversion from those purposes for which these institutions are organized. The safety of these national banks, and the keeping of their resources unimpaired from diversion by the acts or omissions even of their own officers and agents, is a matter of Federal concern.

3. If an agent or an officer of a national bank, with or without the consent of its board of directors, commits an act which entirely transcends the scope of its powers and objects of existence, the individuals participating in the act are solely responsible for its consequences, and the national bank is not. The board of directors and other officers are likewise impotent to ratify any act ultra vires in its nature, or to make the bank take any benefit therefrom. California National Bank v. Kennedy, supra.

4. The act of which liability is predicated in the present case was that certain officers or agents of this national bank procured one Bailey to swear out a warrant, charging Hansford with carrying concealed weapons, upon which the solicitor of the city court made application to the Governor of this State for a requisition, which was duly honored by the Governor of Florida, who issued a warrant, upon which the plaintiff was arrested; it being alleged that the object of all this was illegally to extort a sum of money from the plaintiff. If the allegations are true, this was a great wrong,

a wrong for which these officers and agents and all others participating in the illegal project are jointly liable as tort-feasors. But it is an affair so utterly foreign to every purpose for which a national bank is organized as to make it absolutely beyond the powers of the officers or agents of such a bank to impose a liability upon it for these acts. Under the ruling in the California bank case, supra, which is consistent with a line of authorities similar in their nature, a national bank could do no such act, and could not ratify the act of others, even by receiving money which came as a result of it. No matter how far State courts may extend the liability of corporations organized under State laws, or subject solely to State jurisdiction, a determination of powers and liabilities of national banks is not to be extended by any State court, so as to make them responsible for any such transaction as the one at bar. We say this because we recognize that there are a number of State precedents by which ordinary corporations might be held liable in such a case. The court did not err in dismissing the action against the bank on general demurrer.

*Judgment affirmed.*