# Savage *v.* The State.

### Larceny.

(Decided September 7, 1916.   72 South. 694.)

1. Larceny; Element; Intent.—A felonious taking is an essential ingredient of the offense of larceny.

2. Same; Jury Question.—Under the evidence in this case it is a question for the jury, whether or not the larceny of the mule was innocent and not felonious.

3. Same.—The fact that a defendant acquired possession through a loan of the mule in furtherance of a fraud, intending to steal it, would constitute larceny, and his holding would be tortious, and he would be a trespasser ab initio, instead of having a temporary possessory right as a gratuitous bailee.

4. Criminal Law; Insanity; Necessity of Pleadings.—Section 7176, Code 1907, requires insanity to be specially pleaded, and in the absence of such a plea, it was proper to exclude the question put to a physician as to defendant's mental condition.

5. Larceny; Instructions.—Defendant was not entitled to the affirmative charge, where there was a conflict in the evidence as to whether the original taking was with a felonious intent.

[Savage v. The State.]

6. Same.—Larceny of a mule being a felony irrespective of value a charge hypothesizing an acquittal upon failure to prove the value of the mule, was properly refused.

7. Same.—A charge that unless the jury believe beyond a reasonable doubt that defendant did not intend to steal the mule at the time W. let him have it, then they should acquit, is not only involved and misleading, but properly refused as hypothesizing an acquittal upon a reasonable doubt of defendant's innocence instead of his guilt.

APPEAL from Cullman Circuit Court.
Heard before Hon. R. C. BRICKELL.

Doctor Savage was convicted of the larceny of a mule and he appeals. Affirmed.

WILLIAM E. JAMES, for appellant. W. L. MARTIN, Attorney General, and HARWELL G. DAVIS, Assistant Attorney General, for the State.

EVANS, J.—The main insistence of counsel is that appellant could not have been legally convicted of larceny under the evidence in this case, because it shows that appellant acquired the mule—the subject of the larceny—with the consent of its owner, one Herman Warnke, and hence there was no felonious taking.

The evidence in brief was to the effect that appellant spent the night and part of the next day at the House of Herman Warnke. During the afternoon appellant decided to go to town (Cullman), and went down to the field where Warnke was plowing, and obtained his consent to ride the mule in question to Cullman, with the understanding that appellant was to have the mule shod and bring back some bread. The appellant did not return, but instead rode the mule on into Lawrence county, and when arrested was found on a farm about 50 miles north of Cullman. The trial court submitted for the determination of the jury the question of the intention of appellant in acquiring the mule, instructing that, if at the time appellant borrowed the mule he intended to steal it, he would be guilty of larceny.

(1-3) If the possession of a chattel be lawfully and in good faith acquired through the consent of the owner, there can be, of course, no conviction for larceny; as an essential ingredient of that offense is the felonious taking. The assumption, however, that the taking was innocent, and not felonious, would be begging the question and an invasion of the province of the jury where the evidence is susceptible of different inferences. If

appellant acquired possession through a loan of the mule in furtherance of a fraud, scheme, or trick, intending to steal it, this would, under the authorities, constitute larceny, and, instead of having a temporary possessory right in the chattel as a gratuitous bailee, appellant's holding would be tortious, and he would be a trespasser ab initio.—1 Bishop, Crim. Law (8th Ed.) § 261; 2 Bishop, Crim. Law, § 813; 25 Cyc. 40C, and cases there cited; *Frazier v. State*, 85 Ala. 17, 4 South. 691, 7 Am. St. Rep. 21. A somewhat similar case to the one at bar is to be found in *Thompson's Case*, 149 Ala. 37, 43 South. 115. See, also, *Boswell's Case*, 1 Ala. App. 178, 56 South. 21; Clark's Manual Crim. Law, §§ 931, 932, 961; *Crocheron's Case*, 86 Ala. 64, 5 South. 649, 11 Am. St. Rep. 18; *Holbrook's Case*, 107 Ala. 154, 18 South. 109, 54 Am. St. Rep. 65. The question of intent in acquiring the mule was a matter for the jury.—*Talbert's Case*, 121 Ala. 33, 25 South. 690.

(4) The court properly excluded the question put to Dr. Baird as to appellant's mental condition in the absence of a special plea of insanity as provided by Code, § 7176.

Several written requests of appellant to charge were refused, which are designated in the bill of exceptions as A, B, and C.

(5) Charge A was a request for the general affirmative charge, and, in view of the inferences to be drawn from the testimony, was properly refused.

(6) Charge B hypothesized an acquittal upon the failure to prove the value of the mule. The larceny of a mule under our statute is a felony, irrespective of value.

(1) Charge C was as follows: "I charge you, gentlemen of the jury, that unless you believe beyond a reasonable doubt that the defendant did not intend to steal the mule at the time Warnke let him have it, then it is your duty to acquit him."

This charge is misleading and involved; besides, it does not correctly state the law. It intended to convey the idea, we assume, that unless you believe beyond a reasonable doubt that the defendant did (instead of did not) intend to steal the mule at the time, it is your duty to acquit; by the use of the phrase "did not" it hypothesizes an acquittal upon a reasonable doubt of defendant's innocence instead of his guilt.

We find no error in the record, and the judgment of the court below is affirmed.

Affirmed.