171 So. 904

## ADLER et al. v. FIRST NAT. BANK OF BIRMINGHAM.

### 6 Div. 23.

Supreme Court of Alabama.

Jan. 7, 1937.

Wm. S. Pritchard and David R. Solomon, both of Birmingham, for appellants.

Cabaniss & Johnston and K. E. Cooper, all of Birmingham, for appellee.

KNIGHT, Justice.

Bill by appellee, the First National Bank of Birmingham, as trustee for Mary W. Persons, against appellants to foreclose mortgage.

It appears from the bill that the appellants on May 13, 1929, executed and delivered to the First National Bank of Birmingham a mortgage on certain described property in the city of Birmingham, Ala., to secure the payment of their indebtedness to said bank in the principal sum of $10,000, which was evidenced by one principal note in said amount, due three years after date. The said principal sum bore interest from date at 7 per cent. per annum, payable semiannually, and to evidence the interest payments six separate interest notes were executed and delivered to said bank.

It is averred in the bill that the funds used for making the loan secured by said mortgage were funds belonging to said bank as trustee for Mary W. Persons.

It appears from the bill that the said notes and mortgage of appellants, the said Ike Adler, Everett Shepherd, and A. Page Sloss, were "duly transferred and assigned" on June 25, 1929, by the First National Bank of Birmingham to the First National Bank of Birmingham as trustee for said Mary W. Persons.

It further appears that the said Mary W. Persons on September 17, 1929, executed a "declaration of trust" to the First National Bank of Birmingham; that under the terms and provisions of said declaration of trust the First National Bank of Birmingham acquired and holds certain property and assets, including said notes and mortgage, in trust for the use and benefit of the said Mary W. Persons. A copy of the declaration of trust is attached to and made a part of the bill.

Among other provisions the trust agreement contains the following:

"The trustee shall invest said sum and such other sums as may from time to time be paid over to it in such loans, securities, or other property, real or personal, as to said trustee may seem suitable, and shall hold said investments and such other property as it may subsequently acquire pursuant to the power and authority herein given to it (all of which for convenience may hereinafter sometimes be referred to as 'trust estate') with full power to sell, exchange, lease, encumber or otherwise dispose of all or any portion of such property, in such manner and upon such terms and conditions as said trustee may approve, and to change investments and to make new investments from time to time in such loans, securities or other property, real or personal, as to the trustee may seem suitable, whether such investments shall be legal investments for

trust funds or not. The trustee shall have power to determine whether any money or property coming into its hands shall be treated as a part of the principal of the trust estate or a part of the income therefrom, and to apportion between such principal and income any loss or expenditure in connection with said trust estate as to it may seem just and equitable.

"The trustee shall hold said trust estate in trust for my use and benefit for and during my lifetime. During such period the trustee shall pay over to me from time to time, or use and apply for my support and comfort, and for the support, education and comfort of my children, in such installments as may be found most satisfactory, the entire net income from said trust estate, and in addition thereto such parts of the principal of said trust estate as I may from time to time request, or as the trustee in its discretion may deem necessary or desirable for said purposes."

Default was made by the mortgagors in the payment of the mortgage indebtedness, and this bill was filed to foreclose the mortgage.

The respondents filed numerous grounds of demurrer to the bill as a whole, and separately to its several phases.

The court overruled the demurrers, and from the interlocutory decree the respondents bring this appeal.

It is a well-settled rule of equity pleading that the complainant's title should be stated with sufficient clearness and certainty to enable the court to see clearly he has such a right as warrants it in taking jurisdiction. Every essential fact necessary to make out his title to maintain the bill must be set forth. McKinley v. Irvine, 13 Ala. 681, 693; Cockrell v. Gurley, 26 Ala. 405; Rapier v. Gulf City Paper Co., 64 Ala. 330; Overton v. Moseley, 135 Ala. 599, 33 So. 695; Eutaw Ice, Water & Power Co. v. Town of Eutaw, 202 Ala. 143, 79 So. 609; Ezzell v. Richardson et al., 221 Ala. 346, 128 So. 783.

It is first insisted that the bill is fatally defective in that it is nowhere averred in the bill whether the complainant "is composed of persons, is a partnership, or is a corporation."

The insistence does not approach merit. It is averred in the second paragraph of the bill that "The First National Bank of Birmingham is a national banking institution or-

ganized and existing under the laws of the United States, having its offices and principal place of business in Birmingham, Alabama. Said bank is vested under its charter and the law with full trust powers including the power to hold in trust and convey real and personal property, and including the power to accept and administer trust estates."

We judicially know that national banks organized and existing under the laws of the United States are corporate entities. 7 Corpus Juris, 758; Hansford v. National Bank of Tifton, 10 Ga.App. 270, 73 S.E. 405; Farmers' & M. National Bank v. Dearing, 91 U.S. 29, 23 L.Ed. 196; Davis v. Elmira Savings Bank, 161 U.S. 275, 16 S.Ct. 502, 40 L.Ed. 700; Pollard v. State, 65 Ala. 628.

The averments of the bill show that the complainant is a national bank, and therefore it is a corporate entity, capable of suing and being sued in any court of law and equity, as fully as natural persons. U. S.Rev.St. § 5136, subd. 4 . (12 U.S.C.A. § 24, subd. 4); Miller v. King, 223 U.S. 505, 32 S.Ct. 243, 56 L.Ed. 528; Petri v. Commercial Nat. Bank, 142 U.S. 644, 12 S.Ct. 325, 35 L.Ed. 1144.

One group of respondents' demurrers take the point that the bill fails to aver "sufficiently" complainant's present ownership of the debt and its right, at the time of the filing of the bill, to maintain the suit.

In support of these grounds of demurrer we are cited to the case of Ezzell v. Richardson, supra. Suffice it to say that, on this point, it is exceedingly difficult to see just how the bill could be made to show complainant's title any clearer than it does. There is no merit in these grounds of demurrer.

It is next insisted that the bill is defective in that it does not show that respondents received any consideration for the notes and mortgage.

The bill, aided by the exhibits, shows that the respondents were at the time of the execution of the notes and mortgage indebted unto the First National Bank of Birmingham in the sum of $10,000; that the notes were executed to evidence said indebtedness; and that the mortgage was executed for the purpose of securing the prompt payment of said notes. What further averment was necessary we confess we are unable to see.

"Every written contract, the foundation of the suit, purporting to be executed by the party sought to be charged, his partner, agent or attorney in fact, is evidence of the existence of the debt, or that the party undertook to perform the duty for which it was given, and that it was made on sufficient consideration, but may be impeached by plea, and, when so impeached, the burden of proof is on the defendant." Code, § 7662.

We entertain no doubt of the right of complainant, under the averments of the bill and the declaration of trust, to file the bill in its own name without making the beneficiary, Mrs. Mary W. Persons, a party thereto. The bill was not filed for the purpose of distribution, in which case the beneficiary would be a necessary party, but was filed to collect a debt due the estate, and thereby to enable the trustee to preserve the fund. The enforcement of the mortgage in "no wise affects the relations between the trustee and beneficiary," and hence the latter is not a necessary party. Silverstein et al. v. First National Bank of Birmingham, 231 Ala. 565, 165 So. 827; Carey v. Brown, 92 U.S. 171, 23 L.Ed. 469; Braley v. Spragins, 221 Ala. 150, 128 So. 149, 150; Griffith v. Rudisill, 141 Ala. 200, 37 So. 83; King v. Seals, 45 Ala. 415. There is no merit, therefore, in the demurrer taking the point that the bill fails to make the beneficiary a party to it.

The bill shows that all necessary parties are brought before the court.

The foregoing treats all questions argued in brief and deemed of sufficient moment to be here noticed.

It follows that we are at the conclusion that there is no error in the decree appealed from, and that it is due to be affirmed. It is so ordered.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.