194 So. 682

**SEALS v. STATE.**

**8 Div. 18.**

Supreme Court of Alabama.

Nov. 9, 1939.

Thos. S. Lawson, Atty. Gen., and Silas C. Garrett, III, and Wm. H. Loeb, Asst. Attys. Gen., for the motion.

Carmichael & Carmichael, of Tuscumbia, opposed.

BROWN, Justice.

The appellant, in the Court of Appeals, was indicted by a grand jury impaneled in the Circuit Court of Colbert County for

the offense of grand larceny, denounced by § 4905 of the Code. This statute makes the stealing of *"any* horse, mare, gelding, colt, filly, mule, jack, jennet, *cow, or animal of the cow kind,"* grand larceny, without regard to the number stolen or the value thereof. (Italics supplied.)

The indictment described the property as "28 head of cattle of the value of ($1400.00), Fourteen Hundred Dollars, the personal property of E. D. Fennell and Leonard Pruitt."

The demurrer filed to the indictment by the defendant attacked the sufficiency of this description, and the sufficiency of the averment of ownership—whether such ownership was joint or several, and if held in severalty—which of the cattle was owned by Fennell and which by Pruitt. The Circuit Court overruled the demurrer, proceeded to a trial resulting in a judgment of conviction from which the defendant appealed. The Court of Appeals, following the old common law doctrine, that "Cattle" is a generic term, and "may embrace a number of animals and different kinds of stock, as, beasts of pasture not wild nor domesticated; kine, horses, and some other animals appropriated to the·use of man; domestic quadrupeds collectively, especially those of the bovine genus, sometimes also including sheep, goats, horses, mules, asses, and swine," held the description "28 head of cattle of the value of $1400.00," insufficient, reversed the judgment of the Circuit Court, sustained the demurrer and discharged the defendant.

■ The ruling and judgment of the Court of Appeals, disclosed in the opinion, can not be approved unless the indictment is void, charges no offense and is wholly insufficient to intercept the running of the statute of limitations. Miles v. State, 94 Ala. 106, 11 So. 403; Code 1923, § 4555; McIntyre v. State, 55 Ala. 167; Weston v. State, 63 Ala. 155; Bazell v. State, 89 Ala. 14, 8 So. 22.

■ The indictment, prima facie, is the finding of a duly constituted·grand jury organized by a court invested by law with jurisdiction of the offense of grand larceny, and it charges the defendant with the offense of stealing "Cattle." The term "Cattle" in its "usual acceptation in common language" (Code 1923, § 4530), in this jurisdiction embraces only animals of the cow kind. Brown v. Bailey, 4 Ala. 413; Watson v. State, 55 Ala. 150. Therefore,

though it be conceded that the indictment was subject to demurrable defects, it was not void, and in the absence of timely and appropriate objections, is sufficient to sustain a judgment of conviction for grand larceny. Noles v. State, 24 Ala. 672; Jackson v. State, 236 Ala. 75, 182 So.·83; Ex parte State (State v. Collins), 200 Ala. 503, 76 So. 445; Gaines v. State, 146 Ala. 16, 41 So. 865; Hornsby v. State, 16 Ala.App. 89, 75 So. 637.

■ The Court of Appeals erred in discharging the defendant. If reversible error intervened in the ruling on the demurrer, the judgment of the Circuit Court was due to be reversed and the cause remanded. Campbell v. State, 238 Ala. 439, 191 So. 812; McIntyre v. State, supra.

The constitutional right of a defendant under criminal prosecution "to demand the nature and cause of the accusation; * * to have a copy thereof," is one of the safeguards to personal liberty, coordinating with the further guaranties that he shall be confronted by witnesses against him; shall have compulsory process for obtaining witnesses in his favor; to testify in his own behalf, at his election, and in all prosecutions by indictment shall have a speedy public trial by an impartial jury; shall not be deprived of life or liberty except by due process of law (Const.1901, Article 1, § 6), and shall not "for the same offense, be twice put in jeopardy of life or limb." Const.1901, Art. 1, § 9. It has been observed that: "Notwithstanding the complaints that have been made against the strictness required in criminal proceedings, as tending to facilitate the escape of offenders, all must agree that to a certain extent it is indispensable; nor will it be denied that it is necessary to the purposes of justice, that the party accused should be fully apprised of the nature and identity of the offence, for which he is called to answer. He ought to be protected from subsequent prosecutions for the same offence, and the court ought to be enabled to judge from the record, what the offence is." State v. Francis B. O'Donald, 1 McCord, S.C., 532, 10 Am.Dec.691; Adams v. State, 13 Ala.App. 330, 333, 68 So. 357; Cooper v. State, 15 Ala.App. 657, 74 So. 753.

So, also, by this court: "The object of this clause of the constitution was, to enable every person, against whom a criminal prosecution was instituted, to defend himself against it * * * and a due regard

to the intent and spirit of this provision would require us to pronounce against any indictment, whatever might be its form, which was obviously insufficient to secure this result." Burdine v. State, 25 Ala. 60, 62.

And more recently:

"The power of the Legislature to prescribe the form of indictment is part of its general legislative power. Broadly speaking, it is curtailed only by constitutional limitations, such as the right of the accused to be informed of the nature and cause of the accusation, and to have a copy of same. * * *

"The indictment must reasonably disclose an offense known to the law in force during the period covered thereby, and reasonably inform the accused of the accusation he is called upon to answer. Subject to these qualifications, statutory forms have from our early jurisprudence been held sufficient, although facts essential to a conviction may be omitted." Jinright v. State, 220 Ala. 268, 125 So. 606, 607.

The indictment in this case does not follow the language of the statute denouncing the offense of grand larceny, nor does it follow the prescription of § 4543 of the Code which provides: "In an indictment for the larceny of any animal, or for any other public offense committed in reference to any animal, it is sufficient to describe the animal by such name as, in common understanding, embraces it, without designating its sex. (Form 5 (5)." Form 5 (applicable to a kindred offense to grand larceny, Howard v. State, 108 Ala. 571, 18 So. 813) is in the following language: "A. B., with intent to defraud, marked or branded an unmarked *horse,* the property of C. D." (Italics supplied.) Section 4556, form 5. The form 64 for grand larceny, is in the following language: "A. B. feloniously took and carried away *a horse,* the personal property of C. D., (or a gold watch of the value of —— dollars, the personal property of C. D.); * *." (Italics supplied.)

The legislature by prescribing forms, and dispensing with averments of time, place, sex and particular circumstances, have in the interest of simplicity, reduced necessary averments to a minimum, and it is not within the province of the courts to further dispense with averments essential to certainty to a common intent. This much is necessary in civil cases and as

observed in Woodward Iron Co. v. Marbut, 183 Ala. 310, 313, 62 So. 804, 805, Sayre, Justice, speaking for the court: "Certainty to a common intent in pleading is essential to the due administration of justice, and it cannot be abolished. By certainty causes and issues are identified for the determination of jurisdiction, and thereby the protection of parties against repeated trials of the same case, the finality of elections of remedies, the comity of courts, and other conserving principles of procedure are assured."

And again, in Noble v. State, 59 Ala. 73, the court speaking through Stone, J. "We often find, in opinions given by judges, the expression 'that the rules of pleading are the same in criminal cases as in civil.'—1 Bish.Cr.Proc. § 43. This, another adds, 'though the books contain more or less such language as is mentioned (above), and though this language is in a certain sense correct, still the practice is to require greater strictness in criminal matters than in civil.'—Ib. § 44. *We think we may safely assert that, in the absence of statutory regulations, as high a degree of certainty is required in criminal pleadings as in civil."* (Italics supplied.) 59 Ala. 73, 77.

In Horton v. State, 53 Ala. 488, 489, 491, this court speaking through Brickell, C. J., observed: "The Revised Code, omitting the forms of indictment for forgery prescribed by the Code of 1852, furnishes no form of an indictment for that offense. Nor is there any specific provision as to the constituents of an indictment, except when the vicious instrument has been destroyed, or is withheld by the act or procurement of the defendant; then, affirming the rule of the common law, a misdescription of the instrument is not fatal. R.C. § 4131. An indictment for the offense must therefore conform to the common law, except as it is changed by the general statutory provisions in reference to all indictments. Johnson v. State, 32 Ala. 583; Jones v. State, 50 Ala. 161. The general statutory provision in reference to the statement of the offense in the indictment is: 'It must state the facts constituting the offense in ordinary and concise language, without prolixity or repetition, in such a manner as to enable a person of common understanding to know what is intended, and with that degree of certainty which will enable the court, on conviction, to pronounce the proper judgment,'

&c. R.C. § 4112. An indictment conforming to this statute in the statement of the offense would have been good at common law. The special matter of the whole fact would be set forth with such certainty that the offense, its character, and the punishment the law awarded on conviction, would have judicially appeared to the court. No greater or less degree of certainty was required, nor was needless prolixity or repetition an essential of an indictment. Whether an indictment is or not certain in its statement of the offense, must still be determined by consulting the rules of the common law, except in so far as these have been varied by other *statutory provisions.*" (This is the language of § 4529 of the present Code. Italics supplied.)

The general rule, where no form of indictment is prescribed, is if the indictment follows the language of the statute it is sufficient. This rule has at least one exception, that is when in a statute creating or defining an offense a general term is used, preceded or succeeded by terms more specific, an indictment using only the general term is not good.

In Horton's case, supra, the Chief Justice observed: "No rule of criminal pleading ought to be more familiar to the profession in this State than that when in a statute creating or defining an offense a general term is used, preceded or succeeded by terms more specific or precise, an indictment using only the general term is not good. Such has been the ruling since the case of State v. Plunket, 2 Stew. 11."

Now to apply these utterances to the instant case; the indictment does not follow the form prescribed for description of the property nor does it follow the language of the statute. The statute defining the offense, so far as here applicable, § 4905 of the Code, provides: "Any person who steals any * * * *cow, or animal of the cow kind,*" is guilty of grand larceny. The indictment charges that the defendant stole *"28 head of cattle,"* which was at best nothing more nor less than that he stole *28 animals of the cow kind,* and under the rule laid down by this court, after the enactment of the general statute, now § 4529 of the Code of 1923, and consistently adhered to, the description of the property in the indictment is not sufficient to meet the requirements of the constitutional guaranty. (Italics supplied.)

In Leonard v. State, 115 Ala. 80, 82, 22 So. 564, 565, Haralson, Justice, speaking for the court observed: "The indictment alleged the stealing of 'sixty dollars.' The word 'dollars' imparts to the common understanding, the meaning of 'a thing of value. But the indictment, to be as specific as possible under the circumstances, and in order to designate the kind of dollars stolen, an allegation necessary to be made, contained the further allegation, that the money stolen was 'in the United States currency.' 'The word "currency," when applied to the medium of trade, means equally coin, bank notes, or notes issued by the government.' Croker v. State, 47 Ala. 53; Noble v. State, 59 Ala. [73] 81. When the charge is made, therefore, that the defendant stole 'sixty dollars' 'in the United States currency,' it means, by common understanding, that that amount of money * * * was stolen by him. Without more, however, as we have held, this would not be a sufficient description of the property stolen. If the number and denomination of the coins or bills stolen, or some of them, were known to the grand jury, the indictment should contain such description of them; or if unknown to them,—if in fact they were unknown,—the averment that the same were to the grand jury unknown, which averment would dispense with a necessity of a statement of their number and denomination. Burney v. State, 87 Ala. 80, 6 So. 391; Grant v. State, 55 Ala. 201; Reese v. State, 90 Ala. 624, 8 So. 818; Code [of 1886], § 4377."

The language used in describing the property alleged to have been stolen is loose, broad and general, covering every type of the bovine genus from suckling calves to the most ancient of the specie, and is wholly insufficient to meet the rule of certainty required by the statute that the facts constituting the offense must be stated "in ordinary and concise language, without prolixity or repetition, in such a manner as to enable a person of common understanding to know what is intended," and the defendant though he might be acquitted under this indictment could be subjected to twenty-eight other indictments for grand larceny for stealing one steer, an animal of the cow kind (Watson v. State, 55 Ala. 150) and would find great difficulty in defeating a conviction under a plea of former jeopardy.

Another familiar rule of pleading applicable to criminal as well as civil cases is, on demurrer averments are construed most strictly against the pleader. This is aptly illustrated by the holding of this court in

Clemm v. State, 154 Ala. 12, 45 So. 212, 213, 129 Am.St.Rep. 17. This court, speaking through the Chief Justice, observed: "The rule is well established that, when articles of property belonging to different owners are stolen at the same time and place, the offense is single and must be charged in the same count. State v. Dalton, (Miss.) [91 Miss. 162], 44 So. 802 [124 Am.St.Rep. 637], and authorities there cited; 22 Cyc. 383, and note. But to come within this rule the averments of the count should affirmatively show that the property of the different owners was stolen at the same time and place. Good pleading requires this, in order to exclude the intendment, *which must be indulged on demurrer,* to avoid the objection so taken, that two distinct larcenies were committed. The averment of the indictment in this case was faulty in that respect, and the demurrer to it should have been sustained." (Italics supplied.)

While the averments in the indictment in the case at bar that the 28 head of cattle was *"the personal property of E. D. Fennell and Leonard Pruitt,"* in the absence of demurrer, as we have shown at the head of this opinion, would be liberally construed to sustain a judgment, on demurrer it must be strictly construed. Stated otherwise, in the language of this court: "If we allow the averment to be true, but at the same time a case may be supposed consistent with it which would render the averment inoperative * * * such a case will be presumed or intended, unless excluded by particular averments." Scharfenburg v. Town of New Decatur, 155 Ala. 651, 654, 655, 47 So. 95, 96; Holczstein et al. v. Bessemer Trust & Savings Bank, 223 Ala. 271, 279, 136 So. 409; Alabama Baptist Hospital Board v. Carter, 226 Ala. 109, 112, 145 So. 443. (Italics supplied.)

Applying this rule to the indictment, the averment does not import joint ownership in Fennell and Pruitt, the intendment that their ownership is severalty is not excluded by positive averment.

To meet this objection as against specific grounds of demurrer the indictment should aver joint ownership and its character to bring it within the influence of § 4542 of the Code, which provides: "When any property, upon or in relation to which the offense was committed, belongs to several partners or owners, it is sufficient to allege the ownership to be in any one or more of such partners or owners." The statute is only applicable to the character of ownership specified, and for reasons not here necessary to state, does not apply to the offense of burglary. See Beall v. State, 53 Ala. 460; Emmonds v. State, 87 Ala. 12, 6 So. 54. For the reasons above stated there was error in discharging the defendant.

ANDERSON, C. J., and GARDNER, THOMAS, BOULDIN, and FOSTER, Justices, concur in the first part of the opinion dealing with the erroneous discharge of the defendant by the Court of Appeals, but hold that the indictment is not subject to the objection pointed out by the demurrer, and the same was properly overruled by the Circuit Court.

BROWN, Justice, adheres to the opinion.

The writ of certiorari is granted; judgment of the Court of Appeals reversed, and the cause remanded to that court with directions to vacate the judgment discharging the defendant, and for further consideration not inconsistent with this opinion.

Writ granted; reversed and remanded.