195 So. 775

## CAMPBELL v. STATE.
### 4 Div. 566.

Court of Appeals of Alabama.
April 30, 1940.

Watkins C. Johnston, of Tuskegee, for appellant.

Thos. S. Lawson, Atty. Gen., and Wm. H. Loeb, Asst. Atty. Gen., for the State.

**SIMPSON, Judge.**

■ This prosecution was brought under Section 4131, Code of 1923, commonly termed obtaining money by false pretense. The indictment, upon which the defendant (appellant) was convicted (felony), charged, omitting formal parts, that he "did falsely pretend to C. H. Norton, who was at the time Vice President of the First National Bank, of Union Springs, Alabama, and acting as such with intent to defraud that he, the said Tom Campbell owned forty one head of mixed native cattle and four work oxen and by means of such false pretense, obtained from the said First National Bank of Union Springs, Alabama, to-wit: Two Hundred Forty Three Dollars and Sixty four cents." This count, in code form, was not subject to the demurrers interposed. The designation of the property as "cattle," is held sufficient under authority of Seals v. State, Ala. App., 194 So. 677,[1] and Id., Ala.Sup., 194 So. 682.[2] We also hold that the banking institution, alleged to have been defrauded, was sufficiently described without the additional averment as to its corporate character. "A national bank is a banking *corporation* which is created under, and governed by, federal law." (Italics ours.) 9 C.J.S., Banks and Banking, § 552, p. 1088. The court will therefore take judicial notice of the fact of its corporate entity. Adler v. First National Bank of Birmingham, 233 Ala. 325, 171 So. 904. Discussion on this point has been solely for the sake of legal perspicuity.

■ The record discloses no sufficient judgment on demurrers which will support a review. The recital in the record: "The demurrers of the defendant to the Indictment are overruled and the defendant excepts," is at most but a copy of a bench note or an ex parte memorandum of the clerk and, is wholly ineffective and insufficient as a judgment disposing of the demurrer.

The same fatal insufficiencies, perhaps, also inhere in the purported or attempted entry of adjudication of guilt of the defendant and might subject the appeal to dismissal for that there is not such a formal judgment or solemn adjudication of guilt as will support a review. McDonald v. Ala. Midland Ry. Co., 123 Ala. 227, 26 So. 165; Wilbanks v. Mitchell et al., Ala. Sup., 194 So. 513;[3] Mobile Cigar & Tobacco Co. v. Dees, Ala.App., 194 So. 419;[4] Perry v. State, 4 Ala.App. 70, 59 So. 230. Having in mind, however, the hardship which would be visited on the appellant in such a situation, on account of the lack of care or competence of someone else in the preparation of the transcript, the entire case has been considered and we find no error to reversal.

State's witness Norton, vice president of the defrauded bank, testified to the false pretenses made by the defendant and the resulting procurement of the money, as set forth in the indictment. Upon his cross examination it was made to appear that the witness, in testifying as to certain "dates and figures," had in his hand a "sheet" from the bank ledger, from which he had been refreshing his recollection, and which had been prepared by someone else in the bank, and of the accuracy of which he could not say. The defendant's counsel in objecting to this evidence assigned that: "It was affirmatively shown by the witness himself that the dates, figures, and facts were testified to by the witness from a sheet which he held in his hand and used to prompt himself and to testify from which he admitted was not prepared by him, for him, or under his examination and which he had no knowledge of, either as to its authenticity or correctness."

---

[1] Ante, p. 154.
[2] 239 Ala. 5.
[3] 239 Ala. 167.
[4] Ante, p. 180.

The record is not clear as to what dates, etc., are referred to by the objection, but from a study of the entire examination of the witness, including the redirect, it will appear that the facts essential to sustain the material elements of the charge were related from his own recollection (or "personal knowledge" as stated by him). . The recollection of the witness, therefore, having been actually revived, under such circumstances, authorship of the memorandum or "sheet" was immaterial. Or as presented in Wharton's Criminal Evidence, 11th Edition, Vol. 3, Section 1277, p. 2144, "It is not necessary that a memorandum used by a witness be made by the witness himself, so long as he can relate the facts from his own recollection." Interesting authority affirming this rule of evidence may be found in Acklen's Executor v. Hickman, 63 Ala. 494, 35 Am.Rep. 54; Putnam v. United States, 162 U.S. 687, 694, 16 S.Ct. 923, 40 L.Ed. 1118; People v. Krauser, 315 Ill. 485, 146 N.E. 593, 602, headnote 6; State v. Hale, 85 N.H. 403, 160 A. 95, headnote 7. The propriety of the court's ruling could be sustained upon other grounds, but the point is thus disposed of.

There was no prejudicial error in refusing defendant's special written charges. Refused charges numbered 8 and 13 elicited substantially the statement of the law contained in given charge No. 4, and refused charges numbered 9 and 12 were not based upon the evidence. Other imperfections as to these charges, not necessary to catalogue, were also inherent.

So on the record as a whole and the specific exceptions of defendant (appellant) reserved upon trial, it is the opinion of the court that the case should be affirmed.

Affirmed.

