233 So.2d 522

**Ex parte Thomas Gere Donahay, alias.**

**Thomas Gere DONAHAY**

v.

**STATE.**

**3 Div. 7.**

Court of Criminal Appeals of Alabama.

Jan. 6, 1970.

Ira DeMent, Montgomery, for petitioner.

MacDonald Gallion, Atty. Gen., for the State.

CATES, Judge.

For diminution of the record, in aid of a pending appeal (Donahay v. State, 3 Div. 2), Donahay applied for mandamus and, if therein successful, for certiorari so as to establish in the appellate record of that case, supra, a ruling of Honorable Richard P. Emmet, one of the judges of the Fifteenth Judicial Circuit, who was the trial judge.

Upon consideration of this petition, the rule nisi issued. Therein the praecipe for the writ is described as one which would direct " * * * him, nunc pro tunc, to enter bench notes in the case of Thomas Gere Donahay, alias v. The State, of his oral rulings on the plea in abatement; the State's motion to strike the verified plea in abatement; the motion to quash the indictment; the State's motion to strike the motion to quash the indictment; and the motion for continuance, so as to reflect his rulings thereon."

The return of the respondent was to the effect that the record heretofore certified by the Circuit Clerk contained in the Court Reporter's transcript of the evidence all of said rulings. There is, thus, no dispute as to the making of the ruling as a fact.

I

In view of the general prevailing conception that appellate review can envisage a ruling of a court of record in this State on a pleading only where a judgment, order or decree is shown through the formality of a minute entry made by the clerk and certified by him to the appellate court, the judges of the Court of Appeals, under

**584**

Code 1940, T. 13, § 88, did certify questions regarding the legal sufficiency of Judge Emmet's return to the rule nisi.

Upon a consideration of the reply of the Supreme Court to the former Court of Appeals in said matter, this Court is of the opinion that the appellant, on the record here shown, is entitled to have the Judge's ruling here in question reflected in a minute entry to be certified by the Clerk and for which certiorari would be available.

We rely upon the following comment made by the Supreme Court in this matter:

" * * * To be a reviewable ruling of the trial court, a judgment must be reflected in a minute entry, unless it be an order of continuance of a motion for new trial or rehearing. Lewis v. Martin, 210 Ala. 401, 98 So. 635.

"A ruling on a motion to quash or plea in abatement must be entered in the judgment proper showing that the court made a ruling on the motion. Thompson v. State, 149 Ala. 37, 43 So. 115; Campbell v. State, 29 Ala.App. 343, 195 So. 775."

We pretermit decision as to whether or not appellate review is available where a ruling (other than one on evidence or jury direction) appears only in the transcript of evidence. All we decide here is that upon proper request, timely made, an appellant is entitled to have a trial judge's ruling entered on the trial court's minutes in proper form and, therefore, to obtain a certificate thereof.

Accordingly, unless upon receipt of this opinion by the respondent judge the rulings by him are made into the form of bench notes directed to the circuit clerk (whom the instant petitioner says will enter orders on the minutes without further demand), the peremptory writ of mandamus directing such action will issue here on request of the petitioner. Thereupon, after notification of the entry on the minutes, certiorari will follow as a matter of course.

Writs awarded conditionally.